# MACKENZIE *v.* CROUSE.

### ATTACHMENT; FRAUD.

A verdict for the defendant in an attachment proceeding is properly directed by the trial court, and the writ quashed, where the affidavits in support of the writ, and which are traversed by the defendant, alleged that the defendant has removed, or is about to remove, some or all of her property from the District, so as to defeat just demands against her, and that she has assigned, conveyed, disposed of, or secreted, or is about to assign, etc., her property, with intent to hinder, delay, and defraud her creditors, but where the evidence is to the effect that the defendant, after paying part of an indebtedness due the plaintiff, to secure which part she had placed certain stock in the possession of a bank, attempted to recover its possession, and the plaintiffs understood, although without reason, that the stock had been placed with the bank to secure the entire indebtedness due them; and it is immaterial that there is room for suspicion that the defendant, on regaining the stock, will so dispose of it as to prevent the satisfaction of any judgment the plaintiffs may hereafter recover.

No. 2128.    Submitted April 22, 1910.    Decided May 10, 1910.

HEARING on an appeal by the plaintiffs from an order of the Supreme Court of the District of Columbia quashing a writ of attachment before judgment, and after the trial by jury, of the issue made by the defendant's traverse of plaintiff's affidavit in support of the writ.                                   *Affirmed.*

The facts are stated in the opinion.

*Mr. Henry P. Blair* and *Mr. Leonard J. Mather* for the appellants.

*Mr. Henry E. Davis* and *Mr. W. J. Lambert* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from an order quashing a writ of attachment.

Appellants Hugh Mackenzie and Parker A. Hord, brought an action against the appellee, Emma J. Crouse, to recover upon twelve promissory notes for $100 each, on May 29, 1909. On July 19, 1909, they filed affidavits for a writ of attachment against the property of defendant, alleging that she has removed, or is about to remove, some or all of her property from the District, so as to defeat just demands against her; and that she has assigned, conveyed, disposed of, or secreted, or is about to assign, etc., her property, with intent to hinder, delay, and defraud her creditors. The defendant traversed these charges, and moved to quash the attachment.

The issue was tried by jury. The evidence recited in the bill of exceptions shows that in November, 1907, plaintiffs sold to defendant certain furniture and fixtures contained in the hotel Dunbarton, and assigned her the lease of said hotel. The purchase price was something over $2,070, of which she paid a few dollars in cash. She gave a series of notes amounting to $2,070, and executed a chattel mortgage upon the property to secure the same. In addition she deposited twenty-seven shares of stock in the American National Bank to secure $480 due plaintiffs. The stock was of the Warren Savings Bank, a Pennsylvania institution. The terms of the deposit were in writing signed by defendant. Defendant took possession of the hotel and furniture by consent of the owner and lessor. She abandoned the property at the end of the month. The furniture was sold under the trust, and the net proceeds credited on the notes. The plaintiffs obtained judgment on the five matured notes of the series, amounting to $606.69. Defendant borrowed money and paid this judgment. She then demanded a note to the bank, informing it that the sum for which it had been deposited had been paid, which was refused her. Her agent demanded the stock of the bank, but before it was satisfied

to make delivery, the attachment was sent out. The pretext for refusing to give the note to the bank, was that plaintiffs understood that the stock was a security for their entire debt. There was no other evidence offered tending to show that defendant was about to remove her property from the District,—apparently she had none therein but stock,—or to transfer it, to hinder, delay, and defraud her creditors. Upon the conclusion of the evidence, the court directed a verdict for the defendant, and thereon quashed the attachment. We think the court was right. The only evidence on which it is claimed that defendant was about to remove or to assign, etc., her property, for the purpose of hindering or defrauding creditors, consists of the fact that, after paying the debt for which this stock had been pledged, she attempted to recover its possession. Any other person would have done the same thing. The assertion that plaintiffs understood that the stock had been pledged to secure their entire debt has nothing upon which to rest. The evidence of the pledge was in writing, and they could not have had any other understanding than was embraced therein. On account of the litigation between the parties, there may be room for suspicion that the defendant will attempt to so dispose of her stock as to prevent the satisfaction of any judgment the plaintiffs may hereafter recover. Even this might not be indulged in view of the fact that she paid the full judgment of $606.69, when $480 would have relieved her stock; and she might have tendered this to the custodian of the stock at any time. Whether so or not, suspicion did not justify the attachment. The order quashing the attachment will be affirmed, with costs.                                    *Affirmed.*