## RIEFFER v. HOME INDEMNITY CO. et al.
### No. 636.

Municipal Court of Appeals for the
District of Columbia.
Nov. 18, 1948.

Leroy A. Brill, of Washington, D. C. (Mark P. Friedlander, of Washington, D. C., on the brief), for appellant.

Jerrold B. Ullman, of Washington, D. C. (Wilbert McInerney, of Washington, D. C., on the brief), for appellee Home Indemnity Co.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This case is here for the second time, the court having granted appellee's motion for rehearing. The facts are fully set forth in our previous opinion, Rieffer v. Home Indemnity Co., D.C.Mun.App., 61 A.2d 26. Appellee urges that the prior decision, which held the basic affidavit in the attachment action defective and thus reversed the trial court, deprived him of the possibility of amendment. Although no motion for amendment was made below, the proceedings were such as not to require such a step. The trial court had found that the appellee's affidavit was in substantial compliance with the statute, D.C.Code 1940, § 16—301, and thus it was not until this court reversed that the necessity of amendment arose. We agree with appellee's contention and therefore our previous opinion should be modified to the extent that the case is reversed and remanded for further proceedings.

Our previous opinion decided that the basic affidavit was defective and to that opinion we adhere. However, we expressed no opinion on the questions of whether this affidavit was amendable and whether such amendment, if allowed, would be retroactive as against a junior lien. These points were not and are not properly before this court. They were never passed upon below, and the function of an appellate court is to correct errors, not to decide questions originally. It follows that these questions should now be considered by the trial court, and that it should examine the supporting evidence, if the affidavit is traversed.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.