Daniel **PETRONI**, Plaintiff,

v.

Benjamin **BASS**,
and
Rosalie B. Bass, Defendants.

Civ. A. No. 2835-60.

United States District Court
District of Columbia.

Sept. 26, 1960.

Herbert D. Horowitz, Washington, D. C., for plaintiff.

Arthur M. Wagman, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is a motion to vacate an attachment before judgment levied on the defendants' bank account. The action is brought for work, labor and material furnished by the plaintiff to the defendants in the repair and improvement of a building located in the District of Columbia.

Plaintiff claims that there is a balance of $6,571.55 due him and brings this suit to recover that amount. He has filed a notice of a mechanic's lien on the above-mentioned premises and in addition has procured and caused to be levied

an attachment on the defendants' bank account, as has just been stated.

█ The remedy of attachment before judgment is purely statutory and is in derogation of the common law. It is a very drastic proceeding and, therefore, the statute permitting such attachments should not receive a liberal construction, and strict compliance therewith should be required. The District of Columbia Code, Title 16, Section 301, permits attachments to be levied before judgment in case the defendant is a nonresident or has been absent for a considerable period of time, or evades service of process and on certain other similar grounds not material here. It is shown that the defendants are nonresidents and this is not denied. They reside in Chevy Chase, Maryland, not very far from the boundary line of the District of Columbia.

In order to secure an attachment, the statute to which reference has just been made, also requires that the party requesting the attachment file an affidavit showing the grounds of the claim and setting forth that the plaintiff has a just right to recover what is claimed. Moreover, the right to an attachment is limited to actions for the recovery of specific personal property, or a debt, or damages for breach of contract.

█ It is the view of this Court that the requirement of the statute that the affidavit show grounds of the claim is not complied with by a statement of a conclusion but the facts out of which the claim arises and the method of computing the amount said to be due must be set forth in detail. In this case there is a mere allegation in the affidavit that the plaintiff has a just right to recover on the cause of action above mentioned, which is an action for debt for work, labor, and material furnished in the amount of $6,571.55. The Court is of the opinion that this averment is not sufficient compliance with the statute because the details of the claim are not set forth. It is not enough to allege merely a conclusion, especially in view of the drastic character of the remedy. Accordingly, the motion to quash the attachment is granted.