Eva L. DOANE, as Administratrix of the Estate of Michael L. Doane, II, and Individually, Plaintiff,

v.

METAL BLUING PRODUCTS, INC., Defendant.

No. 82–CV–1050.

United States District Court, N.D. New York.

Aug. 18, 1983.

Friedlander, Friedlander, Reizes & Joch, Waverly, N.Y., for plaintiff; L. Van Stillman, Waverly, N.Y., of counsel.

Lombardi, Devorsetz, Stinziano & Smith, Syracuse, N.Y., for defendant; Sidney Devorsetz, Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff Eva Doane brought this action against the manufacturer of a product that her infant son Michael allegedly ingested, causing his death. This is not a diversity suit; federal jurisdiction is predicated on the claim that the defendant's product was packaged, labeled, and distributed in violation of the Poison Prevention Packaging Act, 15 U.S.C. § 1471 et seq., and the Federal Hazardous Substances Act, 15 U.S.C. § 1261 et seq.

Defendant has moved to dismiss for lack of subject matter jurisdiction, contending that *Riegel Textile Corp. v. Celanese Corp.,* 649 F.2d 894 (2d Cir.1981) has established that there is no implied right of action for damages available under the Federal Hazardous Substances Act (nor, by extension, is there one under the Poison Prevention Packaging Act).

In the first instance, it should be noted that the defendant's contention, even if valid, would not warrant dismissal for lack of jurisdiction; it would warrant dismissal for failure to state a claim. As the Second Circuit stated just last month, a claim asserted under a federal statute will confer upon the court federal question jurisdiction unless:

> the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as to not involve a federal controversy.'

*State of New York District Attorney Investigators Police Benevolent Association, Inc. v. Richards,* 711 F.2d 8 (2d Cir.1983), *quoting, Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–2629, 57 L.Ed.2d 595 (1978), *in turn quoting, inter alia, Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). Moreover, the availability of an implied right of action under a federal statute is ordinarily treated as a challenge to the sufficiency of the complaint, for determination after the court has assumed subject matter jurisdiction. *E.g. Riegel Textile Corp. v. Celanese Corp.,* 493 F.Supp. 511 (S.D.N.Y.1980), *aff'd,* 649 F.2d 894 (2 Cir. 1981); *Cayuga v. Cuomo,* 565 F.Supp. 1297 (N.D.N.Y.1983) (McCurn, J.). *See Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–776, 90 L.Ed. 939 (1946).

The claims asserted here purportedly arise under federal statutes. Though, as developed below, it appears that the claims are in fact foreclosed by a decision of the Court of Appeals holding that there is no right of action implicit in the federal statutes that support jurisdiction, the claim has nevertheless not been foreclosed by the Supreme Court and is not so implausible as to divest the court of subject matter jurisdiction.

Plaintiff has been fully apprised of the grounds for this motion to dismiss, and the court may consider those issues and treat the motion as one under Rule 12(b)(6). *See Leonhard v. U.S.*, 633 F.2d 599, 609 n. 11 (2d Cir.1980); Wright & Miller, 5 *Fed.Prac. & Proc.* § 1357 at 593 (1969 ed.).

In *Riegel Textile Corp. v. Celanese Corp.*, the Court of Appeals for this circuit considered the question of whether a private remedy for damages may be implied from the section of the Federal Hazardous Substances Act that prohibits introduction or delivery of misbranded or banned hazardous substances into interstate commerce. 15 U.S.C. § 1263.[1] The Court applied the four criteria in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–2088, 45 L.Ed.2d 26 (1975) for determining whether implication of a private remedy is appropriate, noting that the most important factor is congressional intent. 649 F.2d at 897–98.

In the course of its analysis, the Court concluded: (1) the plaintiff Riegel Textile Corp. is *not* one of the class for whose especial benefit the statute was enacted; (2) the emphasis of the FHSA is preventative, not remedial, and Congress intended enforcement solely through agency action; (3) a private cause of action would not necessarily be consistent with the underlying purposes of the legislative scheme; and (4) the claims raised are traditionally within the realm of state concerns, and the state remedies are "no less viable" because of federal regulation.

For all these reasons, but primarily because the Court was not convinced that Congress intended to create a private right of action, the lower court's dismissal for failure to state a claim was affirmed.

■ In its opposition papers, plaintiff attempts to distinguish *Riegel* by observing that, unlike Riegel Textile Corporation, she *is* a member of the class for whose especial benefit the statute was enacted. Undoubtedly this is true. However, the Court of Appeals conducted a full inquiry under *Cort*

*v. Ash, supra,* and determined that there is no private right of action implicit in 15 U.S.C. § 1263; it did not limit the applicability of its holding to the plaintiff before it.

Plaintiff has also relied upon *Cross v. Board of Supervisors*, 326 F.Supp. 634 (N.D. Cal.1968) in which a private right of action under § 1263 was permitted. *Cross*, however, is a decision by a district court in a different circuit; it predates *Riegel;* and it was decided in a period before the Supreme Court began restricting the implication of private remedies. In any event, *Riegel,* of course, is controlling upon this Court.

The plaintiff also purports to state a claim under the Poison Prevention Packaging Act, 15 U.S.C. § 1471 et seq. The enforcement of this Act is governed by the enforcement sections of the FHSA, which incorporates the PPPA by reference. 15 U.S.C. § 1261(p). The Second Circuit's analysis of the availability of a private right of action for one injured by a violation of the FHSA is thus fully applicable with respect to a claim under the PPPA.

There is no private right of action for damages under § 1263. Thus, there is no federal claim with which to support pendant jurisdiction over the state law claims. *Riegel Textile Corp. v. Celanese Corp., supra*, 649 F.2d at 906. The complaint is therefore dismissed. Rule 12(b)(6), Fed.R. Civ.P.

IT IS SO ORDERED.

---

**1.** Plaintiff concedes that her claims do not fall within the scope of the limited express right of action created by 15 U.S.C. § 2072.