766 F.2d 1190
 54 USLW 2051
 Julie J. BAAS, Administrator of the Estate of Jessica Baas,
Deceased, Ricky Dean Baas, and Julie J. Baas, Appellees,
v.
Donald HOYE, d/b/a Hoye Super Rexall Drug, and Robert H.
Young, Appellants,
v.
James L. COFFEY, M.D., and Patricia Nystom, Appellees.
Julie J. BAAS, Administrator of the Estate of Jessica Baas,
Deceased, Ricky Dean Bass, and Julie J. Baas, Appellants,
v.
Donald HOYE, d/b/a Hoye Super Rexall Drug, and Robert H.
Young, Appellees.
James L. Coffey, M.D., and Patricia Nystom.
 No. 84-1924, 84-1944.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 29, 1985.
Decided June 28, 1985.
Rehearing Denied Aug. 2, 1985.
 
 Leo E. Fitzgibbons, Estherville, Iowa, for appellant.
 Stephen F. Avery, Spencer, Iowa, for appellee.
 Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Donald J. Hoye, d/b/a Hoye Super Rexall Drug, and Robert H. Young appeal from a jury verdict in favor of the estate of Jessica Baas and Jessica's parents, Julie and Ricky Baas. The Baases were awarded damages upon a jury determination that Hoye and Young violated a consumer product safety rule requiring the dispensing of prescription drugs in childproof containers.
 
 
 2
 Hoye and Young claim that: (1) they did not violate a consumer product safety rule because the drug they dispensed is not solely a prescription drug; (2) the plaintiff Ricky Baas requested that the prescription be refilled in a non-childproof container, thus exempting Hoye and Young from liability under 15 U.S.C. Sec. 1473(b); and (3) the Baases failed to prove a knowing violation of a consumer product safety rule as required for recovery under 15 U.S.C. Sec. 2072. Hoye and Young also appeal from the jury's award of punitive damages against them, claiming that the federal statute, 15 U.S.C. Sec. 2072, limits recovery to compensatory damages. The Baases cross-appeal, asserting that the judgment n.o.v. of the district court denying Ricky Baas recovery on his negligent infliction of emotional distress claim as well as the district court's denial of attorney's fees to the Baases was improper.
 
 
 3
 We affirm the jury's finding of liability under 15 U.S.C. Sec. 2072 and the district court's grant of judgment n.o.v. eliminating Ricky Baas' recovery for negligent infliction of emotional distress. Because we agree with Hoye and Young that the federal statute limits recovery to compensatory damages, we reverse the punitive damage award granted the estate of Jessica Baas. We also remand this case to the district court for reconsideration of the Baases' request for attorney's fees.
 
 Facts
 
 4
 The Baases had a prescription on file at the Hoye Super Rexall Drug store for the drug Tedral SA. On July 13, 1981, Robert Young, a pharmacist employed at the drug store, filled a prescription for 50 Tedral SA tablets in a non-childproof container. On August 10, 1981, Ricky Baas brought the non-childproof container to Hoye Rexall Drug to obtain additional Tedral SA tablets. Donald Hoye, a pharmacist and owner of the drug store, refilled the non-childproof container with Tedral SA tablets.
 
 
 5
 On August 21, 1981, the Baases' daughter, Jessica, ingested a number of the Tedral SA tablets contained in the non-childproof container. Medical efforts to save Jessica were unsuccessful and she died on September 4, 1981.
 
 
 6
 The Baases filed a three-count complaint in district court pleading federal jurisdiction under 15 U.S.C. Sec. 2072. Section 2072 provides that "[a]ny person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule * * * shall recover damages sustained." Count I of the complaint is a claim for compensatory and punitive damages for the wrongful death of Jessica Baas. Count II is the parents' claim for loss of companionship and services of their child as provided for in Rule 8 of the Iowa Rules of Civil Procedure. Count III is an additional claim by Jessica's parents for negligent infliction of emotional distress.
 
 
 7
 The jury determined that Hoye and Young violated a consumer product safety rule by dispensing Tedral SA in a non-childproof container, see 16 C.F.R. Sec. 1700.14(a)(10), and awarded $30,000 compensatory damages and $100,000 punitive damages under Count I, $60,000 compensatory damages under Count II, and $15,000 compensatory damages under Count III. After reducing the parents' awards under Iowa's comparative negligence rule, the Baases recovered a total of $15,000 each under Counts II and III of the complaint. Comparative negligence principles did not affect the award to the estate of Jessica Baas in Count I of the complaint.
 
 
 8
 Hoye and Young filed a motion for judgment n.o.v. or in the alternative for a new trial. The district court overruled their motion except for the elimination of Ricky Baas' claim for negligent infliction of emotional distress. Additionally, the court denied the Baases' request for attorney's fees. Hoye and Young then filed this appeal.
 
 Substantive Violation
 
 9
 Hoye and Young initially contend that recovery by the Baases under 15 U.S.C. Sec. 2072 was improper because they did not violate a consumer product safety rule. The jury found that Hoye and Young violated a consumer product safety rule mandating that any drug required by federal law to be dispensed only by a prescription be dispensed in a childproof container. See 16 C.F.R. Sec. 1700.14(a)(10). It is Hoye's and Young's position that the drug they dispensed in a non-childproof container, Tedral SA, is not a drug required by federal law to be dispensed only by a prescription. To support their argument, Hoye and Young point out that Tedral SA is the brand name of a product that contains the ingredients theophylline, ephedrine, and phenobarbital. Hoye and Young then argue that other products containing the same three ingredients, namely, Tedral and Primatine Formula P, are available without a prescription. According to Hoye and Young, the district court committed error by looking to the brand name, Tedral SA, as compared to the ingredients of Tedral SA in determining whether Tedral SA is a drug available only by prescription.
 
 
 10
 We disagree with the argument of Hoye and Young and hold that the district court properly instructed the jury that "knowingly dispens[ing] Tedral SA to Ricky Baas in a non-childproof container [is a] violation of the consumer product safety rule." The United States Pharmacopeia lists Tedral SA as a prescription drug. There is no dispute that Tedral SA can only be obtained by a prescription. The mere fact that other products containing different percentages of the same ingredients of Tedral SA can be obtained without a prescription is of no consequence.
 
 
 11
 Hoye and Young also contend that Ricky Baas requested a non-childproof container for the Tedral SA prescription and that 15 U.S.C. Sec. 1473(b) thus exempts them from liability. Section 1473(b) authorizes the use of noncomplying packaging "when requested by the purchaser."
 
 
 12
 The evidence shows that without request by the Baases, Young filled Ricky Baas' original prescription for Tedral SA in a non-childproof container. Approximately one month later, Ricky Baas returned to the pharmacy, handed Hoye the non-childproof container, and asked for a refill. Without asking any questions regarding the type of container Baas desired, Hoye refilled the prescription in a non-childproof container. Although one could infer that Ricky Baas wanted his prescription filled in a non-childproof container and that his handing of the container to the pharmacist constituted a request for a non-childproof container, another reasonable inference is that Ricky Baas merely wanted to obtain another prescription and the container had the prescription on the vial. Ricky Baas in fact testified that this was his purpose in returning the vial. Based upon the evidence before it, the jury determined that Ricky Baas did not request a non-childproof container, and we have no basis for overturning the jury's determination.
 
 
 13
 Section 2072 permits recovery of damages sustained by reason of a knowing violation of a consumer product safety rule. 15 U.S.C. Sec. 2072. Based upon their testimony that they were unaware of any requirement that prescription drugs be dispensed in childproof containers and they believed the use of such containers to be a "suggestion" or "recommendation," Hoye and Young argue that the Baases failed to prove a knowing violation of a consumer product safety rule. We disagree. The jury could reasonably conclude that, as experienced pharmacists, Hoye and Young were aware of the consumer product safety rule requiring prescription drugs to be dispensed in childproof containers.
 
 Damages
 
 14
 Julie Baas, as administrator of the estate of Jessica Baas (the administrator), was awarded $100,000 in punitive damages under Count I of the complaint. Hoye and Young strongly contend, as they did at trial, that it was improper for the district court to submit the claim for punitive damages to the jury. In resolving this contention, we find it necessary to determine whether Count I was plead and tried as a claim for damages under federal law, state law, or both.
 
 
 15
 Federal jurisdiction in this case is predicated on 15 U.S.C. Sec. 2072. Hoye and Young claim that Count I stated a cause of action solely under 15 U.S.C. Sec. 2072 for damages sustained by reason of a knowing violation of a consumer product safety rule. The administrator, on the other hand, maintains that Count I was plead as both a federal cause of action under section 2072 and a state common law negligence action.
 
 
 16
 After reviewing the complaint, we conclude that the administrator arguably pled both a federal cause of action under section 2072 and a state common law negligence action. The relevant question, however, is what theories of recovery were actually submitted to the jury. "[W]here a plaintiff submit[s] no instructions upon issues allegedly raised by the pleadings and fail[s] to except to the failure of the district court to so charge, these issues [can] not be considered on appeal." Bituminous Fire & Marine Insurance Co. v. Izzy Rosen's, Inc., 493 F.2d 257, 262 (6th Cir.1974). Cf. Smith v. Honeywell, Inc., 735 F.2d 1067, 1070 (8th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 76, 83 L.Ed.2d 516 (1984). Thus we must determine what theories of recovery were actually submitted to the jury.
 
 
 17
 Nowhere in the instructions do we find directions to the jury respecting a theory of recovery based upon state common law negligence. The district court instructed the jury that all three counts of the complaint were based on the Baases' claim that Hoye and Young "were negligent by dispensing a prescription drug in a non-childproof container in violation of the Consumer Product Safety Act." Another instruction stated in order for the Baases to recover on any count, they must establish by a preponderance of the evidence the following elements: (1) that the defendants knowingly dispensed Tedral SA to Ricky Baas in a non-childproof container in violation of the consumer product safety rule, and (2) that the violation was a proximate cause of the death of the Baases' child. Although the district court mischaracterized a section 2072 violation as an act of negligence, it is clear that the district court drew upon the statute for the elements of recovery and the case was submitted to the jury solely on the basis of a violation of the Consumer Product Safety Act.
 
 
 18
 Having determined that the only theory of recovery submitted to the jury was based upon the federal statute, we must decide whether the district court committed error in submitting a punitive damage claim to the jury. Section 2072(a) limits recovery for a knowing (including willful) violation of a consumer product safety rule to "damages sustained." The question before us is whether Congress, in enacting the Consumer Product Safety Act, intended the "damages sustained" provision to permit an award of punitive damages.
 
 
 19
 The district court, in denying Hoye's and Young's motion to strike the punitive damage prayer prior to trial, relied on the case of Wahba v. H & N Prescription Center, Inc., 539 F.Supp. 352 (E.D.N.Y.1982). In Wahba, the court held that, although Congress did not intend punitive damages to be awarded as a matter of federal law, the permissibility of recovering punitive damages under 15 U.S.C. Sec. 2072 is a question to be resolved by looking to the appropriate state's law. Relying upon the legislative history of the statute, the Wahba court stated that the courts should "apply State law as to questions of which types of damages may be recovered and which parties in addition to the injured person can recover damages" under section 2072. Id. at 356 (quoting H.R.Rep. No. 1153, 92d Cong., 2d Sess. 47-48 (1972), reprinted in The Consumer Product Safety Act, Text, Analysis, Legislative History (BNA), Appendix 211 (1973)). The Wahba court then determined that punitive damages were not available as a matter of New York law. Id. at 358. On the basis of the holding in Wahba, the district court in this case looked to the law of Iowa and concluded that punitive damages are allowable in a wrongful death action in Iowa. See Briner v. Hyslop, 337 N.W.2d 858, 870 (Iowa 1983) (citing Berenger v. Frink, 314 N.W.2d 388 (Iowa 1982)).
 
 
 20
 We disagree with the approach used by the district court and hold that Congress did not intend for punitive damages to be recoverable under 15 U.S.C. Sec. 2072(a). In making this decision, we rely on both the statutory language of section 2072 and the legislative history of the statute.
 
 
 21
 It is a familiar rule that "[i]n determining the scope of a statute, we look first to its language. If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." Russello v. United States, 464 U.S. 16, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983) (quoting United States v. Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981)). Further, we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." Id. (quoting Richards v. United States, 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962)).
 
 
 22
 Section 2072(a) provides for the recovery of "damages sustained" in the case of a knowing or willful violation of a consumer product safety rule. Interpreting this language according to its ordinary meaning, the statute provides for recovery of compensatory and not punitive damages. As stated in Nelson v. Restaurants of Iowa, Inc., 338 N.W.2d 881, 885 (Iowa 1983), "[d]amages that are sustained are those suffered, the actual damages needed to compensate for a loss endured." This interpretation of the phrase "damages sustained" is in accord with the Supreme Court's interpretation of the same language in Local 20, Teamsters, Chauffeurs and Helpers Union v. Morton, 377 U.S. 252, 84 S.Ct. 1253, 12 L.Ed.2d 280 (1964). In that case, the Supreme Court stated that the language in section 303(b) of the Labor Management Relations Act of 1947 providing for recovery of damages sustained reflected congressional judgment that recovery would "be limited to actual compensatory damages." Id. at 260, 84 S.Ct. at 1259.
 
 
 23
 Cases universally distinguish a recovery for "damages sustained" from a punitive damage award. See, e.g., Hatrock v. Edward D. Jones & Co., 750 F.2d 767, 772 (9th Cir.1984); Washington Building Services v. United Janitorial Services, Inc., 352 F.2d 678, 682 (D.C.Cir.1965); Orr v. Sasseman, 239 F.2d 182, 184 (5th Cir.1956) (interpreting Ill.Rev.Stat.1955, Ch. 68, Sec. 34 et seq.); Carter v. Agricultural Insurance Co., 266 Cal.App.2d 805, 807, 72 Cal.Rptr. 462, 464 (1968); Nelson, 338 N.W.2d at 884-85; Fowler v. Mantooth, 683 S.W.2d 250, 253 (Ky.1984). While a recovery for damages sustained is meant to compensate for the harm suffered by the plaintiff, punitive damages are assessed for the "purpose of visiting a punishment upon the defendant and not as a measure of any loss or detriment of the plaintiff." C. McCormick, Handbook on the Law of Damages Sec. 77 (1935).
 
 
 24
 We also believe that the legislative history of 15 U.S.C. Sec. 2072(a) supports interpreting the statute according to its plain language. The National Commission on Product Safety placed a bill before Congress that provided for recovery of treble damages, in addition to the cost of suit and attorney's fees, by a person injured by reason of a knowing or willful violation of a consumer product safety standard. National Commission on Product Safety, Consumer Product Safety Bill Sec. 30 (1970), reprinted in The Consumer Product Safety Act, Text, Analysis, Legislative History (BNA), Appendix 31, 56 (1973). Congress, however, deleted the treble damage provision, and in its final form section 2072 limits recovery for a knowing (including willful) violation to "damages sustained." Treble damages, like punitive damages, are often imposed for purposes of punishing the offender and deterring future unlawful conduct. See American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp., 456 U.S. 556, 583, 102 S.Ct. 1935, 1951, 72 L.Ed.2d 330 (1982) (Powell, J., dissenting). Thus, we find it significant that Congress had before it a bill providing for the recovery of extra-compensatory damages in the case of a knowing or willful violation and it decided against including such a provision in the statute. Because the possibility of a punitive damage recovery further operates as an incentive to prospective litigants to bring suit, we also find it significant that Congress provided this same incentive to litigants by a provision in section 2072 permitting recovery of costs and attorney's fees.
 
 
 25
 Assessment of legal fees and experts' fees (added by the Consumer Product Safety Commission Improvements Act of 1976, Pub.L. No. 94-284, Sec. 10(c), 90 Stat. 507), is such an unusual and heavy burden, in light of the standard American practice against shifting litigation costs, as to warrant the conclusion that Congress considered such sanctions in a private suit sufficient incentive to prospective plaintiffs and disincentive to possible defendants.
 
 
 26
 Wahba, 539 F.Supp. at 356.
 
 
 27
 While we hold that the language of the federal statute, as supported by the legislative history, limits recovery to compensatory damages, we agree with the Wahba court "that the measure of recovery under the Act is a function of state rather than federal law." Id. at 354. In our view, the federal statute limits recovery to compensatory damages, but because Congress did not specify the breadth and scope of compensatory damages available, one must look to the applicable state law for guidance. We find this view consistent with the statement in the legislative history that "[t]he committee anticipates * * * that the courts will in general apply State law as to questions of which types of damages may be recovered." H.R.Rep. No. 1153, 92d Cong., 2d Sess. 47-48 (1972), reprinted in The Consumer Product Safety Act, Text, Analysis, Legislative History (BNA), Appendix 211 (1973). Unlike the district court's holding, we believe that our holding gives meaning to both the statutory language and the legislative history of section 2072. We reverse the punitive damages award granted under Count 1 of the complaint.
 
 
 28
 The Baases also contend that the district court committed error when it entered a judgment n.o.v. denying Ricky Baas the jury verdict award for his claim of negligent infliction of emotional distress. The district court, in rendering its judgment, relied upon the principles espoused in Barnhill v. Davis, 300 N.W.2d 104 (Iowa 1981).
 
 
 29
 In Barnhill, the Iowa Supreme Court permitted a bystander to recover damages for emotional distress resulting from witnessing the negligent infliction of harm on another person. The Iowa Supreme Court stated that in order to recover, there must be a "sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." Id. at 108. In addition, while observing the accident, there must be a reasonable and actual belief that the victim "would be seriously injured or killed." Id. A recovery for negligent infliction of emotional distress "is intended to compensate plaintiff * * * for the emotional trauma caused by the plaintiff's visceral participation in the event." Oberreuter v. Orion Industries, Inc., 342 N.W.2d 492, 494 (Iowa 1984).
 
 
 30
 Applying Barnhill to the facts of this case, we uphold the judgment n.o.v. denying Ricky Baas the jury verdict award for negligent infliction of emotional distress. Ricky did not actually observe his daughter ingesting the Tedral SA tablets as he was sleeping at the time Jessica swallowed the pills. Ricky was not aware of what was happening until Julie Baas started screaming that Jessica had gotten into the pills. Ricky then sat on the edge of the bed while his wife took Jessica into the bathroom to attempt to induce her to vomit. Other than holding the child while Julie telephoned a neighbor for help, Ricky did not become involved in the events of that morning. In fact, because he was ill, Ricky went back to bed and remained there for approximately two hours until a decision was made to take Jessica to the doctor's office. We uphold the district court's determination that Ricky did not have a "sensory and contemporaneous observation" of the accident as required under Barnhill. "We generally accord deference to the district court's interpretation of state law." R.W. Murray Co. v. Shatterproof Glass Corp., 758 F.2d 266, 272-73 (8th Cir.1985). Here, we cannot say that the district court's interpretation of Iowa law is unreasonable or impermissible.
 
 
 31
 Following trial, the Baases made application under 15 U.S.C. Sec. 2072(a) for recovery of costs of the lawsuit, including reasonable attorney's fees. The statute provides for such a recovery if the district court "determines it to be in the interest of justice." 15 U.S.C. Sec. 2072(a). The district court denied the Baases' application, stating that "[i]n view of the entire record and particularly the punitive damage award against defendants, the court finds that it would not be in the interest of justice to award plaintiffs their costs and attorney fees." Because we now hold that the Baases are not entitled to recover punitive damages under the federal statute, we think it necessary to remand this case to the district court for reconsideration of the Baases' application for fees and costs.
 
 
 32
 We affirm in part and reverse in part and remand this case to the district court with instructions to reconsider the Baases' application for attorney's fees.