Brandi Nicole DECK, a Minor, by Rita DECK her Mother and Next Friend, and Rita Deck, Individually, Plaintiffs,

v.

Terry McBRIEN and Sullivan Drugs, Inc., Defendants.

No. 90–3294.

United States District Court, C.D. Illinois, Springfield Division.

March 8, 1991.

Gary L. Clark, Peoria, Ill., for plaintiffs.

Gary S. Schwab, Springfield, Ill., for defendants.

OPINION

RICHARD MILLS, District Judge:

On July 10, 1986, Rita Deck purchased the prescription drug Asendin from Sullivan Drugs, Inc. and Terry McBrien, a pharmacist employed by Sullivan. The drug was not dispensed in a child-proof container as required by federal law.

One month later, on August 15, Rita's 2½ year old daughter, Brandi, ingested the drug and, as a result, sustained severe and permanent injuries.

The Decks have brought this action under the Consumer Product Safety Act, 15 U.S.C. § 2072, seeking $6,000,000 in damages against the Defendants. Defendants have moved to dismiss on the basis that § 2072 does not provide for a private cause of action in this case and thus jurisdiction is improper. The motion to dismiss raises a novel question under the Consumer Product Safety Act which was not addressed by two courts which allowed recovery in similar cases. See Baas v. Hoye, 766 F.2d 1190 (8th Cir.1985); Wahba v. H & N Prescription Center, Inc., 539 F.Supp. 352 (E.D.N.Y.1982).

In short, we hold that the Consumer Product Safety Commission must by rule designate prescription drugs for regulation before the act can apply.

It hasn't.

We dismiss.

In resolving this issue we must examine the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq., the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., and the Poison Prevention Packaging

Act, 15 U.S.C. § 1471 *et seq.*, as well as regulations issued pursuant to these acts by the Consumer Product Safety Commission (Commission).

■ We begin with the statute at issue. Section 2072(a) of the Consumer Product Safety Act provides:

> Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent, shall recover damages sustained, and may, if the court determines it to be in the interest of justice, recover the costs of suit, including reasonable attorneys' fees....

15 U.S.C. § 2072(a). By its terms § 2072 is limited to providing a private cause of action for violation of a consumer product safety rule or other rule or order of the Commission; the statute does not provide a private cause of action for violation of the act itself. *Drake v. Honeywell, Inc.*, 797 F.2d 603, 606 (8th Cir.1986).

The Consumer Product Safety Act was passed by Congress in 1972 for the purpose of, *inter alia*, protecting "the public against unreasonable risks of injury associated with consumer products." 15 U.S.C. § 2051(b)(1). The act expressly excludes "drugs, devices, or cosmetics" from the definition of consumer product found in § 2052. *See id.* § 2052(a)(1)(H). In addition, the term "consumer product safety rule" is defined as a "consumer product safety standard" or "a rule under this chapter declaring a consumer product a banned hazardous product." *Id.* § 2052(a)(2).

Therefore, by its own terms, the act does not regulate prescription drugs. Plaintiffs argue that their private cause of action under the act exists because § 2072(a) provides a cause of action for violation of a consumer product safety rule (which does not apply) and *any other rule or order of the Commission.* One such "rule or order" requires that prescription drugs be dispensed only in "special" (i.e. child-proof) packaging. 16 C.F.R. § 1700.14(a)(10).

Prior to the enactment of the Consumer Product Safety Act and the creation of the Commission in 1972 several specific regulatory statutes were in existence, including the Poison Prevention Packaging Act of 1970, 15 U.S.C. § 1471 *et seq.* The Senate Report accompanying the Consumer Product Safety Act explains that these pre-existing regulatory statutes were brought under the jurisdiction of the Commission rather than repealed in favor of the more general Consumer Product Safety Act, both because the existing legislation represented explicit findings by Congress as to specific consumer hazards and to avoid duplicative regulatory action under the new act when the old acts had been operating efficiently in their areas of concern. S.Rep. No. 92–835, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News, at 4573, 4592.

The Consumer Product Safety Act provides that

> A risk of injury which is associated with a consumer product and which could be eliminated or reduced to a sufficient extent by action under ... the Poison Prevention Packaging Act of 1970 ... may be regulated under [the Consumer Product Safety Act] *only if the Commission by rule finds that it is in the public interest to regulate such risk of injury* under [the Consumer Product Safety Act]. (emphasis ours)

15 U.S.C. § 2079(d). The Commission has identified several products which it regulates under the Consumer Product Safety Act rather than the pre-existing statutes; however, *prescription drugs are not included among those identified products. See* 16 C.F.R. § 1145 *et seq.*

In *Riegel Textile Corp. v. Celanese Corp.*, 493 F.Supp. 511 (S.D.N.Y.1980) a manufacturer of children's sleepwear brought suit under § 2072 against a fiber manufacturer who had supplied material which was later declared a "banned hazardous substance" by the Commission. The Commission, in ordering the sleepwear re-

called, proceeded under regulations issued pursuant to the Federal Hazardous Substances Act (one of the pre-existing statutes) rather then the Consumer Product Safety Act. The district court held that a cause of action under § 2072 does not arise in the absence of valid regulatory action by the Commission under the Consumer Product Safety Act. Because the Commission proceeded pursuant to the Hazardous Substances Act, rather than issuing an order under § 2079 transferring regulatory authority over the product to the Consumer Product Safety Act, no regulation under the *Consumer Product Safety Act* was at issue and thus no cause of action under § 2072 existed.

■ No implied private right of action exists under either the Federal Food, Drug, and Cosmetic Act, *Pacific Trading Co. v. Wilson & Company, Inc.*, 547 F.2d 367 (7th Cir.1976), or the Poison Prevention Packaging Act of 1970. *Doane v. Metal Bluing Products, Inc.*, 568 F.Supp. 744, 746 (N.D.N.Y.1983). Thus, Plaintiffs' case turns upon whether a cause of action exists by applying the regulations issued pursuant to the Poison Prevention Packaging Act through the Consumer Product Safety Act. As previously mentioned, Plaintiffs rely upon two cases allowing recovery in similar situations.

In *Wahba v. H & N Prescription Center, Inc.*, 539 F.Supp. 352 (E.D.N.Y.1982) the plaintiffs brought an action pursuant to § 2072 against a pharmacy that dispensed the drug Lomotil in a non-child-proof container resulting in the death of their two year old son. The district court, without discussing whether a cause of action could be maintained under § 2072 for violation of the regulations issued pursuant to the Poison Prevention Packaging Act, held that § 2072 did not allow for the recovery of punitive damages and struck plaintiffs' prayer for punitive damages.

Similarly, in *Baas v. Hoye*, 766 F.2d 1190 (8th Cir.1985) the plaintiffs brought an action pursuant to § 2072 following the death of their daughter from ingestion of Tedral SA which had been dispensed in a non-child-proof container. Among the issues presented to the circuit court was whether the pharmacy had violated a consumer product safety rule. However, rather than contending that drugs were not consumer products as defined by § 2052, the pharmacy argued that Tedral SA was not a drug which was required to be dispensed only in a child-proof container. The circuit court, without discussing the exclusion of drugs from the definition of "consumer product" merely stated that the United States Pharmacopeia listed Tedral SA as a prescription drug and thus it should have been dispensed in a child-proof container.

■ Neither *Wahba* nor *Baas* apparently considered the question of whether a cause of action could be maintained under § 2072 for violation of the regulations requiring prescription drugs to be dispensed only in child-proof containers. As discussed earlier, the Commission has not acted pursuant to § 2079(d) to regulate prescription drugs under the Consumer Product Safety Act and thus we must conclude that no cause of action exists under § 2072. Therefore, Defendants' motion to dismiss must be allowed.

IT IS THEREFORE ORDERED THAT Defendants' motion to dismiss (d/e 6) is ALLOWED. Counts I and II of Plaintiffs' complaint are dismissed WITH PREJUDICE. Counts III and IV, premised on state law, are DISMISSED WITHOUT PREJUDICE for lack of pendent jurisdiction.

Case CLOSED.