Roger L. **CHRISTENSON** as Guardian Ad Litem for Angela L. Wood, a minor, and Richard Wood, Guardian of the Estate of Angela L. Wood, a minor, Plaintiffs,

v.

**ST. MARY'S HOSPITAL and Ruhof Corporation, Defendants.**

Civ. No. 4–93–132.

United States District Court, D. Minnesota, Fourth Division.

Oct. 29, 1993.

Peter Cary Sandberg, Dunlap Finseth Berndt & Sandberg, Rochester, MN, for plaintiffs and third-party defendant Auction House of Rochester Inc.

Raymond A. Hayward, Elizabeth S. Wright, John P. Rhodes, Dorsey & Whitney, Minneapolis, MN, Benjamin R. Hippe, Mayo Clinic, Legal Dept., Rochester, MN, for defendant St. Mary's Hosp.

Jan Downs Stuurmans, Bradlee Karan, Stuurmans & Karan, Minneapolis, MN, Anton J. Borovina, D'Amatio Forchelli Schwartz Mineo & Carlino, Mineola, NY, for defendant Ruhof Corp.

## ORDER

DOTY, District Judge.

This matter is before the court on the separate motions of defendants St. Mary's Hospital and Ruhof Corporation for summary judgment.[1] Based on a review of the

---

1. Although defendants have brought separate motions, Ruhof Corporation has specifically

file, record and proceedings herein, the court grants both defendants their motions for summary judgment as to the existence of a private cause of action under the statutes pled by plaintiffs and dismisses the complaint without prejudice for lack of jurisdiction.

## BACKGROUND

Defendant Ruhof Corporation ("Ruhof") manufactures and distributes various hospital supplies, including Liquijet, the product at the center of this action. Liquijet is sold by Ruhof directly to its customers. Liquijet is marketed solely as a hospital supply product and not as a household product. Liquijet is used in ultrasonic washers and washer sterilizers to clean surgical and other medical equipment. Although it may be adaptable to certain household uses, Liquijet is not placed in the stream of commerce so as to reach ordinary consumers.

Ruhof delivered a one gallon sample of Liquijet to defendant St. Mary's Hospital ("St. Mary's") in 1989. St. Mary's apparently never used this sample and did not order any Liquijet from Ruhof. Although Liquijet is water soluble, and therefore disposable through a drain, the unused product was placed on the loading dock of St. Mary's. The jug was subsequently removed by Richard Wood ("Wood"), plaintiff Angela Wood's ("Angela") grandfather and guardian, when he picked up a number of items from the St. Mary's loading dock. Wood is the manager and part owner of the Auction House, a consignment shop through which St. Mary's routinely sells used furniture and office supplies. When a pick up is to be made, St. Mary's notifies the Auction House that goods are waiting on the loading dock. The Auction House does not sell liquids of any kind for St. Mary's and is contractually obligated to notify St. Mary's if it inadvertently picks up liquids.

After picking up the Liquijet, Wood, or some other Auction House employee, placed the jug on a table in the back room of the store. In an affidavit dated December 20, 1989, Wood admits that he knew Liquijet to be "extremely toxic." He further admits that he knew the Liquijet was not in the box

in which it had been picked up, indeed that he planned to put it back but failed to do so.

Angela, then five years of age, was in the care of her grandfather and guardian Richard Wood on July 28, 1989, when she drank some of the Liquijet. Apparently she thought the jug contained water, since it was Wood's custom to keep a jug of water on the table for Angela to drink from when she was with him at the store. The Liquijet severely burned Angela's throat, esophagus and stomach. She was treated at St. Mary's for these injuries.

Angela has already recovered $300,000 from the Auction House. Plaintiffs now seek damages from Ruhof and St. Mary's, arguing that the defendants violated the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et seq.,* the Poison Prevention Packaging Act ("PPPA"), 15 U.S.C. § 1471 *et seq.,* and the Minnesota Hazardous Substances Labeling Act, Minn.Stat. Sec. 24.32 *et seq.,* as well as common law duties of care. Defendants claim that the federal laws grant no private right of action and preempt plaintiffs' state law claims. Defendants claim further that the federal laws are inapplicable to Liquijet because it is not a household product subject to those laws. Finally, defendants argue that even if they were negligent, plaintiffs cannot demonstrate that defendants' negligence was the proximate cause of Angela's injuries, because the actions of Wood and the Auction House were a superseding cause of her injuries.

## DISCUSSION

▮▮▮▮ The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial court to direct a verdict if there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lob-*

adopted as its own the memoranda of law and affidavits submitted by St. Mary's Hospital.

*by, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in her favor. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, a verdict should not be directed. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

1. *Private Cause of Action under FHSA and PPPA.*

There is no dispute that the federal statutes upon which plaintiffs rely do not specifically create a private cause of action. One can be implied only if the statutes themselves, or the legislative history surrounding them, demonstrate that a private cause of action is consistent with the intent of the enacting Congress. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). Those courts which have considered this question before have found that the FHSA does not create a private cause of action. *See Riegel Textile Corp. v. Celanese Corp.*, 649 F.2d 894, 899–902 (2d Cir.1981) (§ 1263 and § 1274 cannot be used to compel manufacturer to repurchase newly banned fabric); *Palmer v. Liggett Group, Inc.*, 635 F.Supp. 392, 397 (D.Mass.1984), *rev'd on other*

*grounds*, 825 F.2d 620 (1st Cir.1987) (no cause of action under § 1261 for injuries allegedly caused by cigarettes). Similarly, other courts have held that the PPPA does not create a private cause of action, *Doane v. Metal Bluing Products, Inc.*, 568 F.Supp. 744, 746 (N.D.N.Y.1983); *Deck v. McBrien*, 759 F.Supp. 454, 456 (C.D.Ill.1991).

Plaintiffs do not demonstrate that a private cause of action can be based on these statutes. Neither do plaintiffs show from the legislative history that one ought to be implied. For plaintiffs to establish a cause of action under either of these statutes they must meet the test established in *Cort v. Ash.*

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted,—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) (citations omitted). Plaintiffs have failed to demonstrate that, on the facts as shown, any of these factors are met to such an extent that the federal statutes can become the basis of a cause of action. Plaintiffs have, therefore, failed to establish a cause of action under these statutes and defendants are entitled to summary judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Even if a private cause of action could theoretically be maintained under the FHSA or PPPA, neither statute applies to the facts as shown. FHSA regulates "misbranded hazardous substances." The act defines such substances as "a hazardous substance ... intended, or packaged in a form suitable, for

use in a household or by children." 15 U.S.C. § 1261(p). The PPPA regulates "household substances" which are defined as "any substance which is *customarily* produced or distributed for sale for consumption or use, or *customarily* stored, by individuals in or about the household...." 15 U.S.C. §§ 1471(2) (emphasis added). There is no dispute that Liquijet is manufactured by Ruhof as a hospital cleaning solution rather than as a household product. Since Ruhof never marketed Liquijet as a household product it does not fall within the scope of either the FHSA or the PPPA. Thus, even if those statutes could create private causes of action, one still would not lie against Ruhof. Defendant Ruhof is therefore entitled to summary judgment.

Plaintiffs argue that, in consigning the Liquijet to the Auction House, St. Mary's introduced a misbranded hazardous substance into the stream of commerce in violation of the statutes. Even if St. Mary's had acted intentionally in setting out the Liquijet for the Auction House to pick up, no cause of action would lie here either. Such conduct would not convert a hospital cleaner into a household product within the scope of the FHSA. Neither would a one time introduction of Liquijet into the marketplace qualify as an act to be regulated under the "customary" standard of the PPPA. Furthermore, the contractual arrangement between St. Mary's and the Auction House never included the resale of liquids through the Auction House. Indeed, the contract called for the Auction House to return the inadvertently picked up Liquijet to St. Mary's. Even when viewing the evidence in the light most favorable to plaintiffs as the nonmoving party, it is impossible to bring St. Mary's within the ambit of either the FHSA or the PPPA. Defendant St. Mary's is therefore entitled to summary judgment.

**2. *Dismissal for Lack of Jurisdiction.***

 None of the parties argued the issue of the court's jurisdiction if the federal statutes are inapplicable to this action. The federal courts are courts of limited jurisdiction. The provisions conferring jurisdiction on a federal court are strictly construed. *Hedberg v. State Farm Mut. Auto Ins.,* 350

F.2d 924, 928 (8th Cir.1965). Generally, there must be either a federal question, 28 U.S.C. § 1331, or a complete diversity of citizenship between the plaintiffs and all of the defendants, 28 U.S.C. § 1332(a)(1), if a district court is to have original jurisdiction. If the federal statutes upon which plaintiffs rely are inapplicable, there is no question of federal law to be decided by the court. Because plaintiffs and defendant St. Mary's are both residents of Minnesota, diversity jurisdiction is lacking. The lack of diversity of citizenship deprives the court of jurisdiction. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97 (8th Cir.1991). If a common law cause of action lies, it is properly heard in state court.

### CONCLUSION

Plaintiffs rely on the Federal Hazardous Substances Act and the Poison Prevention Packaging Act in order to state a claim upon which relief can be granted. Neither statute creates a private cause of action. Furthermore, even if either statute did in theory create a cause of action, Liquijet as a product would not fall within the regulations of those statutes. Therefore, both Ruhof and St. Mary's are entitled to summary judgment pursuant to Fed.R.Civ.P. 56.

Furthermore, because the statutes relied upon by plaintiffs do not create a cause of action, there is no federal question conferring jurisdiction on the court under 28 U.S.C. § 1331. Because the plaintiffs and one of the defendants are Minnesota residents, there is no complete diversity of citizenship conferring diversity jurisdiction on the court under 28 U.S.C. § 1332. Therefore, this court is without jurisdiction to hear plaintiffs' state law and common law claims.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Ruhof's motion for summary judgment is granted.

2. St. Mary's motion for summary judgment is granted.

3. The court on its own motion dismisses plaintiffs' state law and common law claims for lack of jurisdiction.