415 F.Supp. 591 (1976)
Ann SMITH, Plaintiff,
v.
REXALL DRUG COMPANY, Defendant.
No. 75-714C(3).
United States District Court, E. D. Missouri, E. D.
May 20, 1976.
Louis Gilden, Gilden & Dodson, St. Louis, Mo., for plaintiff.
Harry L. Browne, Jack L. Whitacre, Sandra L. Schermerhorn, Spencer, Fane, Britt & Browne, Kansas City, Mo., and Paul S. Kuelthau, Moller, Talent & Kuelthau, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court for a decision on the merits following the trial to the Court sitting without a jury.
*592 Plaintiff brought this action alleging that defendant engaged in certain discriminatory activities which were retaliatory and thereby in violation of Title VII of the Civil Rights Act of 1964, which is codified at 42 U.S.C. § 2000e et seq. Plaintiff seeks recovery on the basis that defendant's termination of her employment was based on retaliation for her participation in Equal Employment Opportunity Commission charges filed by her and ten other women in 1971. Plaintiff prays for relief in the form of payment of lost wages, including interest, and reinstatement with full seniority.
The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

Findings of Fact
1. Plaintiff, Ann Smith, had been employed by the defendant, Rexall Drug Company, at that company's Goodfellow warehouse facility in St. Louis from September, 1966, until her termination on April 20, 1973.
2. In April, 1973, the Rexall Drug Company closed its Goodfellow warehouse and continued operations from its other St. Louis facility, a manufacturing plant on Kingshighway.
3. Plaintiff, with ten other female employees, filed sex discrimination charges against defendant with the Equal Employment Opportunity Commission and later Federal District Court in 1971. This lawsuit, Garbs v. Rexall Drug Co., Case No. 71 C 118(4), was terminated by an agreement dated March 2, 1973.
4. Plaintiff brings this action alleging retaliation against the defendant because she was a participant in the 1971 lawsuit.
5. Due to financial difficulties experienced by the company as far back as the late 1960's the company began to meet with the union's officials in the Fall of 1972, to discuss reduction in work force. The consequence of these discussions with the union was the agreed upon closing of the Goodfellow facility where plaintiff was employed.
6. Plaintiff was a member of the negotiating team of her union at all times pertinent to this lawsuit. She knew or should have known of the proposed reduction of the work force in the Goodfellow facility on March 2, 1973, the date of the settlement agreement concerning Garbs v. Rexall Drug, supra.
7. Of the eleven plaintiffs in Garbs v. Rexall Drug, supra, two are still employed and the others have been terminated for one reason or another.
8. On April 20, 1973, the plaintiff and twenty-nine other people signed termination agreements and were given severance pay.
9. The transfer of Ed Molitor was known to and acquiesced in, by the union and followed stipulated policy in the collective bargaining agreement. Molitor had requested transfer in writing on April 5, 1973 in accordance with the collective bargaining agreement and had orally requested such transfer for two years prior. Plaintiff, Ann Smith, had not done either of these.
10. The Court finds that there is no credible evidence to indicate that plaintiff was induced to sign her termination agreement or otherwise terminated for any reason of retaliation. To the contrary, both as to the seniority lists and all the records before the Court, defendant terminated many others for what were purely business reasons, and in accordance with the labor contract and the seniority agreement.

Conclusions of Law
This Court has jurisdiction of this case by reason of 42 U.S.C. § 2000e-5(f).
The Court must first speak to the question raised by defendant that plaintiff did not file her E.E.O.C. complaint within the 180 day statutory period required by 42 U.S.C. § 2000e-5(e). Defendant asserts that plaintiff's cause of action arose out of the facts existing at the time of the termination agreement of April 20, 1973. For this reason, states defendant, her claim filed on December 12, 1973, is well beyond the statutory period of 180 days. Plaintiff *593 contends the operative facts giving rise to her claim were discovered on or about November 15, 1973, when plaintiff learned the Rexall Drug Company had employed certain individuals in the same position in which plaintiff had been employed. Since the termination agreement and severance pay were held out to plaintiff with the understanding that no opportunity existed for recall, plaintiff believes a fraud was committed against her and the 180 day statute tolls in this situation. This Court agrees with plaintiff here and adopts the reasons given in Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir., 1975), that the statute should not begin to run against a plaintiff until those facts which support the cause of action are known to plaintiff. To adopt another construction other than that in Reeb, supra, would allow defendant to fraudulently state employee's reason for termination and then after the statutory period disclose the true reason for termination. Plaintiffs' complaint filed on December 12, 1973, after discovering the new hirings in November of the same year, is therefore well within the statutory period mandated by 42 U.S.C. § 2000e-5(e).
Plaintiff specifies in her complaint that her former employer retaliated against her for filing the 1971 charges with the E.E. O.C. in the following ways:
1) by discharging her;
2) hiring other persons for both factory and warehouse subsequent to plaintiff's discharge;
3) denying plaintiff an opportunity to either transfer to the factory, to apply as a new applicant to the factory, or to be re-employed at the warehouse.
Her claim relies upon the broadly stated purpose of 42 U.S.C. § 2000e-3(a) found in Pettway v. American Cast Iron Pipe Company, 411 F.2d 998, 1007 (5th Cir., 1969), that an employee making a charge against his employer is exercising a protected right under the Civil Rights Act of 1964 and as such cannot be discharged for those charges. Plaintiff places great weight on the Pettway line of cases to contend that retaliation has taken place.
In order to recover, plaintiff must show that this alleged retaliatory act constitutes discrimination under Title VII. She must meet the Supreme Court's requirements for a prima facie case of discrimination described in McDonnell Douglas v. Green, 1973, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668.
Plaintiff did present sufficient facts at trial to demonstrate her status as a member of a protected group; her qualifications for work as a floorman at the Kingshighway plant, which job she held at the Goodfellow warehouse; and the fact that the Rexall Drug Company filled the position of floorman at Kingshighway after she had been terminated in April, 1973. Plaintiff also alleged that the settlement agreement of Garbs v. Rexall Drug, Case No. 71 C 118(4), was entered into fraudulently by the defendant since on March 2, 1973, defendant knew the Goodfellow warehouse would be closed, thereby terminating the agreement. Plaintiff also put forth evidence asserting that a male employee, Ed Molitor, was transferred from the Goodfellow facility to the Kingshighway plant even though he was a less senior employee than herself.
It was demonstrated to this Court by the Rexall Drug Company that defendant had terminated plaintiff and many others as a direct result of the decision to close the Goodfellow warehouse. This decision was arrived at by consultation with the union representing the employees at that facility. This Court also finds that plaintiff was a member of the negotiating team of her union at all times pertinent to this lawsuit. Thus, plaintiff knew or should have known of the proposed reduction of the work force at Goodfellow when the settlement of the 1971 discrimination case was signed on March 2, 1973. As a consequence of these facts submitted, plaintiff fails to convince this Court that the agreement settling the 1971 discrimination case, Garbs v. Rexall Drug, was fraudulently entered into by defendant. Furthermore, defendant was able to show that its shutdown of the Goodfellow facility was motivated by legitimate *594 business purposes and the termination of plaintiff, Ann Smith, was a nondiscriminatory action as many others in plaintiff's position were also terminated. King v. Yellow Freight Systems, Inc., 11 F.E.D. Cases (E.D.Mo., 1974); aff'd, 523 F.2d 879 (8th Cir., 1975).
Plaintiff then asserts that the transfer of Ed Molitor was for pretextual reasons. From the facts before this Court a contrary conclusion must be drawn. Molitor had requested transfer in writing on April 5, 1973, in accordance with the collective bargaining agreement and had orally requested such transfer for two years prior. Plaintiff, Ann Smith, had followed neither of these courses of action. The trial court therefore finds the transfer of Ed Molitor to be for more than pretext.
In conclusion, it is the finding of this Court that in the present case, defendant's evidence demonstrated sufficient legitimate non-discriminatory reasons for rejection of plaintiff's claim. Nor was plaintiff able to establish defendant's reasons to be pretextual. Accordingly, judgment will be entered for the defendant.