Paula L. **COFFEY**, Plaintiff–Appellee,

v.

**DOBBS INTERNATIONAL SERVICES, INC. and John Bryson, Defendants– Appellants.**

No. 98–7763.

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1999.

Decided March 15, 1999.

Matthew J. Clyne, Albany, New York, for Appellants.

Mary Beth Hynes, Clifton Park, New York, for Appellee.

Before: PARKER, SACK, and MAGILL,* Circuit Judges.

MAGILL, Circuit Judge:

Dobbs International Services, Inc. (Dobbs) appeals from the district court's denial of its motion for judgment as a matter of law following a jury verdict in favor of Paula Coffey, a former employee, on her retaliation claim brought under Title VII, 42 U.S.C. §§ 2000e to 2000e–17, and the New York Human Rights Law, N.Y. Exec. Law §§ 290–301. Because Coffey failed to present sufficient evidence of retaliation, we reverse.

* The Honorable Frank Magill, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I.

Dobbs is engaged, nationwide, in the airline catering industry and prepares and supplies food to various airlines. In January 1995 Coffey resigned from Dobbs's Albany Flight Kitchen (Kitchen), claiming that she had been sexually harassed by John Bryson, the Kitchen's general manager. After exhausting administrative procedures, she filed suit against both Dobbs and Bryson, alleging quid pro quo sexual harassment and hostile work environment claims under Title VII and New York's Human Rights Law.[1]

Bryson left Dobbs's employment while Coffey's suit was pending. Subsequently, in May 1997, Dobbs rehired Coffey to work in the Kitchen. At that time, Dobbs was negotiating to sell the Kitchen to John Russo, the Kitchen's acting general manager. Russo and Dobbs negotiated the terms of the sale throughout the summer. Eventually, Dobbs agreed to transfer the Kitchen to Russo's company, Ground–to–Air Catering, Inc., on September 3, 1997. One term of the agreement precluded Russo from using Dobbs's computer software billing system after taking control of the Kitchen. In order to facilitate the transition from Dobbs to Ground–to–Air Catering, Russo needed to hire someone to develop a computer software billing and accounting system. Russo hired Bryson as a consultant because of his past experience with the airline catering industry.

As part of Ground–to–Air Catering's transition team, Bryson was required to spend time at the Kitchen. Upset by Bryson's presence at the Kitchen, Coffey took an approved vacation until Bryson finished his consulting work. On August 28, 1997, shortly after returning to work, Coffey was deposed in connection with her lawsuit. Bryson was present during the deposition and told Russo about Coffey's testimony.

Only three days later, on September 1, 1997, Russo told Coffey that he would not keep her on as an employee with Ground–to–Air Catering. The parties have stipulated that "[a]t the end of plaintiff's shift [on September 1], James Russo informed her that when his new company purchased the Albany flight kitchen from Dobbs later that week, plaintiff would no longer have a job." Trial Tr. at 279, *reprinted in* J.A. at 375. Coffey never returned to work at the Kitchen after September 1. She also never tried to find another job with Dobbs.

Shortly after Ground–to–Air Catering assumed control of the Kitchen, Coffey filed an amended complaint, adding a cause of action for retaliation against Dobbs on the alleged bases that it discharged her and refused to transfer her in retaliation for her deposition testimony.[2] She did not attempt to add Russo or Ground–to–Air Catering as a party. The court allowed the amended complaint, and the parties proceeded to a four-day jury trial in December 1997. The jury found in favor of the defendants on Coffey's harassment claim, in favor of Coffey against both of the defendants on her hostile work environment claim, and in favor of Coffey on her retaliation claim against Dobbs. Despite not awarding Coffey any damages on her hostile work environment claim, the jury awarded her $4,341.58 in back pay and $75,000.00 in punitive damages on her retaliation claim.[3]

Dobbs then filed a motion for judgment as a matter of law, arguing that (1) the magistrate judge erred in granting Coffey leave to amend her complaint, (2) Coffey did not pres-

---

1. Coffey also pleaded common law negligence claims against Dobbs and Bryson. The district court dismissed these claims, and Coffey does not appeal that dismissal.

2. Dobbs also amended her complaint to plead a retaliation claim against both Dobbs and Bryson on an aiding and abetting theory. *See* N.Y. Exec. Law § 296(6) ("It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the New York Human Rights Law], or to attempt to do so."). However, the jury (without objection by plaintiff) was never

instructed on this theory and, thus, we will not consider it on appeal. *See Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 107 (2d Cir.1988) (refusing to consider viability of theory that was not submitted to the jury); *see also Baas v. Hoye*, 766 F.2d 1190, 1194 (8th Cir.1985) (same).

3. The jury did not award Coffey either nominal or compensatory damages on her hostile work environment claim, thus precluding her from recovering related punitive damages or attorneys' fees on that claim.

ent a prima facie case of retaliation, (3) the district court's instructions concerning retaliation were erroneous, and (4) the district court erred in submitting the issue of punitive damages to the jury. The district court denied the motion in all respects. Coffey filed a motion for attorneys' fees, seeking to recover $82,087.50. Dobbs opposed the motion, arguing that the fees must be reduced by the amount of time Coffey's attorneys spent on her unsuccessful claims. The district court refused to reduce the amount of attorneys' fees in accordance with the time spent on Coffey's unsuccessful claims, but awarded her only $65,670.00 (twenty percent less than she requested) to account for her limited overall success. Dobbs now appeals.

## II.

■ Dobbs contends that the district court erred in denying its motion for judgment as a matter of law on Coffey's retaliation claim, arguing that Coffey failed to introduce any evidence suggesting that it discharged her or refused to transfer her because of her deposition testimony. We review the district court's denial of a motion for judgment as a matter of law *de novo*, "applying the same standards as the district court to determine whether judgment as a matter of law was appropriate." *Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 120 (2d Cir.1998). Judgment as a matter of law is appropriate if, after reviewing the evidence in the light most favorable to Coffey, the nonmovant, "there can be but one conclusion as to the verdict that reasonable [jurors] could have reached." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 14 (2d Cir.1993) (quotation marks omitted).

■ Title VII prohibits an "employer" from retaliating against an employee because of her testimony in a lawsuit filed under Title VII. 42 U.S.C. § 2000e–3(a); *see also Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988) ("[t]he objective of [§ 2000e–3(a) ] is obviously to forbid an employer from retaliating against · an employee"). Similarly,

New York's Executive Law prohibits an "employer" from retaliating against an employee for testifying in a proceeding under the New York Human Rights Law. N.Y. Exec. Law § 296(1)(e). Accordingly, Coffey may prevail on her retaliation claim only if she demonstrates that *her employer*, not some other party, discriminated against her in retaliation for her deposition testimony. *See Cross v. Cleaver*, 142 F.3d 1059, 1071 (8th Cir.1998) (plaintiff must show that *"the plaintiff's employer ... took adverse employment action against [her]"* (emphasis added)).

■ Coffey proceeded with her retaliation claim against Dobbs on two alternative bases: (1) Dobbs wrongfully discharged her on September 1, 1997, or (2) Dobbs wrongfully failed to transfer her to another job in retaliation for her deposition testimony.[4] *See* Trial Tr. at 640–41, *reprinted in* J.A. at 736–37. We utilize the well-known burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to analyze Coffey's retaliation claims under Title VII and the New York Human Rights Law. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177–78 (2d Cir.1996). Because this case has been fully tried on the merits, we need not determine whether Coffey established a prima facie case. *See United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714–15, 717, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *see also Brocklehurst v. PPG Indus., Inc.*, 123 F.3d 890, 897 n. 5 (6th Cir.1997); *Jiminez v. Mary Washington College*, 57 F.3d 369, 377 (4th Cir.1995); *Polacco v. Curators of Univ. of Mo.*, 37 F.3d 366, 369–70 (8th Cir.1994); *Hayman v. National Academy of Sciences*, 23 F.3d 535, 537 (D.C.Cir. 1994). Rather, we proceed directly to "the ultimate question of discrimination *vel non.*" *Aikens*, 460 U.S. at 714, 103 S.Ct. 1478. Specifically, we must determine whether Coffey introduced sufficient evidence to support a finding that Dobbs "intentionally discriminated against [her]" in retaliation for her deposition testimony. *Id.* at 715, 103 S.Ct. 1478 (quotations omitted). We believe that she failed to meet this burden.

---

4. Although Coffey did not plead the second basis in her complaint, it was submitted to the jury.

Coffey's retaliatory discharge theory is premised entirely upon the assumption that Russo discharged her from employment with Dobbs. However, there is no evidence to support that assumption. Rather than discharging her from Dobbs, Russo merely told Coffey that she would not be retained by his new company, Ground–to–Air Catering, once it took control of the Kitchen. The parties stipulated that:

> Plaintiff returned to work from her vacation on Labor Day, September 1, 1997. At the end of plaintiff's shift, James Russo informed her that when his new company purchased the Albany flight kitchen from Dobbs later that week, plaintiff would no longer have a job.

Trial Tr. at 279, *reprinted in* J.A. at 375. This comports with Coffey's own testimony at trial. *See id.* at 225, *reprinted in* J.A. at 321 (Coffey testifying that Russo told her that "he wasn't gonna keep [her] on" and that she "wouldn't have a job with his new company"). Russo simply did not discharge Coffey from her employment with Dobbs.

■ There also is no evidence that Dobbs refused to transfer Coffey in retaliation for her deposition testimony. Coffey does not dispute that Dobbs sold the Kitchen to Ground–to–Air Catering. An employer's decision to discharge an employee in connection with the closure of the employee's job site typically does not give rise to a retaliation claim. *See Ekanem v. Health & Hosp. Corp.,* 589 F.2d 316, 320 (7th Cir.1978) (discharge of plaintiff in connection with closing of plaintiff's department "nullifies [plaintiff's] claim of retaliation"), *aff'd on same grounds on appeal after remand,* 724 F.2d 563, 569 (7th Cir.1983). This is particularly true when the plaintiff is not treated differently from other employees, *see Smith v. Rexall Drug Co.,* 415 F.Supp. 591, 593–94 (E.D.Mo.1976) ("termination of plaintiff [when warehouse closed] ... was a nondiscriminatory action as many others in plaintiff's position were also terminated"), *aff'd,* 548 F.2d 762 (8th Cir.1977), or has failed to request a transfer prior to the site's closure. *Compare id.* at 594 (employer's decision to transfer plaintiff's co-employee upon site closing was not evidence of retaliation because plaintiff never requested

transfer but co-employee had) *with Randlett v. Shalala,* 118 F.3d 857, 862 (1st Cir.1997) (holding that an employer's denial of an employee's request for transfer can be actionable under Title VII) *and Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 635 (10th Cir.1988) (holding that employer's denial of plaintiff's requests for transfer prior to job site's closure can support cause of action for discriminatory retaliation).

In this case, it is undisputed that Coffey never requested Dobbs for a transfer prior to the Kitchen's sale. In addition, Coffey did not submit any evidence suggesting that she was treated differently from other Kitchen employees who were not retained by Ground–to–Air Catering. Absent any evidence suggesting that Dobbs treated Coffey differently from other Kitchen employees in connection with the sale, no reasonable jury could find that Dobbs's failure to transfer Coffey was retaliatory.

After reviewing the record, it is clear that Coffey failed to introduce sufficient evidence for a jury to believe that Dobbs retaliated against her because of her deposition testimony. Because Coffey failed to make a submissible case of retaliation, we conclude that the district court erred in denying Dobbs's motion for judgment as a matter of law as to liability. Accordingly, it is unnecessary for us to decide the remaining issues raised by Dobbs on appeal.

### III.

For the foregoing reasons, we reverse the district court order denying judgment as a matter of law to Dobbs as to liability on Coffey's retaliation claim. Because Coffey failed to prove a violation of Title VII or the New York Human Rights Law, we also reverse the awards of back pay, punitive damages, and attorneys' fees.