**Barbara M. JONES, Plaintiff–
Appellant,**

v.

**NEW YORK CITY HEALTH & HOSPITALS CORPORATION; Fred Hutson; Edward Jackson and Frank J. Cirillo Defendants–Appellees.**

**No. 03–7820.**

United States Court of Appeals,
Second Circuit.

July 9, 2004.

necticut, sitting by designation.

Noah A. Kinigstein, New York, NY, for Plaintiff–Appellant.

Jane Gordon, for Michael D. Hess, Corporation Counsel of the City of New York (Edward F.X. Hart), for Defendants–Appellees, of counsel.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

AMENDED SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 9th day of July, two thousand and four.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant Barbara Jones, formerly a mid-level manager at the New York City Health and Hospital Corporation ("HHC"), filed an action in the United States District Court for the Southern District of New York against defendant HHC, and against defendants Fred Hutson, Edward Jackson and Frank J. Cirillo, her superiors at HHC, in their individual capacities. Her lawsuit asserted claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Jones alleged, in substance, (1) that she suffered gender and race discrimination, and (2) that she suffered retaliation for complaining about this discrimination.

Defendants sought summary judgment on all claims. The district court (Motley, J.) granted their motion as to the retaliation and race discrimination claims: the former for failure to state a *prima facie* case; the latter for failure to exhaust EEOC remedies. The court denied summary judgment on the gender discrimination claim, and a jury trial was scheduled for June 2003. At trial, the district court permitted the introduction of evidence—during Jones's examination—pertaining to her 1987 conviction for embezzlement of government funds. At the close of testimony, the court declined to consider plaintiff's suggested jury charges, on the ground that they were utterly deficient. Further, the court below decided not to include a mixed-motive charge or a missing-witness charge, as plaintiff requested.[1] The jury ultimately found in favor of defendants on the gender discrimination claim.

On appeal, Jones challenges: (A) the grant of summary judgment to defendants on her retaliation claim; (B) the admission of her old conviction; and (C) the omission of certain requested jury charges. We affirm the judgment below.

### A. Retaliation

█ Summary judgment, which we review *de novo*, is appropriate where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). With respect to Jones's *pre*-termination retaliation claim, we affirm substantially for the reasons given by the district court: that is, we find that Jones adduced no material facts to show that she engaged in protected activity prior to her firing. On this basis, the district court properly awarded summary judgment to defendants on this claim.[2] *See Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,* 842 F.2d 590, 594 (2d Cir.1988) ("[A]ppel-

---

1. This second one was at issue because none of the defendants testified.

2. Plaintiff's subsequent submission of an affidavit (stating that she did in fact complain about discrimination before termination), which was sworn and filed after defendants moved for summary judgment, does not change our view. "It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." *Mack v. United States,* 814 F.2d 120, 124 (2d Cir.1987).

lant's objections at the time neither pointed out discrimination against particular individuals nor discriminatory practices by [defendant], as they were alleged.").

■ Plaintiff, however, presents a second retaliation cause of action: that defendants' failure properly to investigate and reconsider her termination *after* she was fired was contrary to relevant HHC guidelines and in retaliation for her EEOC complaint. Assuming arguendo that plaintiff has sufficiently alleged a causal connection between that complaint and her post-termination treatment to satisfy the requirements of a *prima facie* case, she still cannot survive summary judgment. After reviewing the record, including the plaintiff's assertions and the defendants' explanations, we conclude that no jury could reasonably find that defendants' actions subsequent to Jones's firing were the product of retaliation. Jones has provided no evidence—aside from her doubtful assertion that HHC failed to follow its own procedures—to sustain this claim. *See Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir.1997) (en banc) (noting that after the defendant proffers a legitimate, non-discriminatory reason for the action, "[t]he question becomes the same question asked in any other civil case: Has the plaintiff shown, by a preponderance of the evidence, that the defendant is liable for the alleged conduct?"); *see also Coffey v. Dobbs Int'l Servs., Inc.*, 170 F.3d 323, 326 (2d Cir.1999) (stating that burden-shifting applies to retaliation claims under Title VII).[3]

*B. Evidentiary Ruling*

■ With respect to the district court's evidentiary ruling, we will reverse only if it is manifestly erroneous. *See United States v. Yousef*, 327 F.3d 56, 156 (2d Cir.2003). In reviewing the admission of convictions under Fed.R.Evid. 609(b), we require "the district judge [to] make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir.1978). Reviewing the record in this case, we are satisfied that the court below made such a finding, and that this finding was not manifestly erroneous. And although the defendants did not provide *written* notice to plaintiff of their intention to introduce the conviction, as required by Rule 609(b), we find that Jones was not subject to unfair surprise.[4] *Zinman v. Black and Decker (U.S.), Inc.*, 983 F.2d 431, 436 (2d Cir.1993) ("The purpose of the notice requirement is to prevent 'unfair surprise' and to give the adverse party the opportunity to prepare for trial."); *see also* Fed.R.Evid. 609, comment (emphasizing the notion of unfair surprise). We therefore cannot say, under the circumstances, that the district court's admission of this evidence was an abuse of discretion.

*C. Jury Charges*

In an employment discrimination case, a "mixed motives" charge is proper where a plaintiff presents "sufficient evidence for a

---

3. To the extent that plaintiff raises a due process claim on appeal, we find that she did not pursue such a cause of action below, nor did she include it in her complaint. Her complaint's reference to 42 U.S.C. § 1983 was, as the district court found, duplicative of her Title VII claims and made no reference to due process

4. Although Jones's counsel claimed surprise, there was adequate opportunity to counter the evidence, and no prejudice has been shown. Although the Appellant cites cases where exclusion of an old conviction was upheld on appeal, we know of no case where admission of an old conviction was deemed reversible error.

reasonable jury to conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice.'" *Desert Palace Inc. v. Costa*, 539 U.S. 90, 101, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (quoting 42 U.S.C. § 2000e–2(m)). Plaintiff offered such a charge in her proposed instructions, but the request was properly denied because it was in many respects an incorrect statement of the law. *See United States v. Torres*, 845 F.2d 1165, 1171 (2d Cir.1988). As to the missing-witness charge, a trial court may use its discretion to give such a charge when "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction" yet the party fails to call those witnesses. *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir.1988) (internal quotation marks omitted). While the court might have given a missing witness charge in this case, we cannot say that its decision not to do so was an abuse of discretion.

*CONCLUSION*

We have considered all of plaintiff's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.