Marie Carmen **POINTDUJOUR,**
Plaintiff–Appellant,

v.

The **MOUNT SINAI HOSPITAL** and Laura Giles, Defendants–
Appellees.

Docket No. 04–1382.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2005.

Marie Carmen Pointdujour, Corona, New York, for Appellant, pro se.

Rory J. McEvoy (Eva M. Ciko, on the brief), Kirkpatrick & Lockhart LLP, New York, New York, for Appellees.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

■ Marie Carmen Pointdujour appeals from an award of summary judgment entered in favor of her former employer, Mount Sinai Hospital ("Mount Sinai"), for retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2–2000e–17; *see id.* § 2000e–3(a) (prohibiting employer from retaliating against employee "for opposing any practice" that itself constitutes employment discrimination).[1] We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals "no genuine issue as to any material fact" but supports a conclusion that "the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (and cases cited therein).

■ Title VII retaliation claims are analyzed under the same three-part burden-shifting framework applicable to Title VII discrimination claims. *See Feingold v. New York,* 366 F.3d 138, 157 (2d Cir.2004); *Coffey v. Dobbs Int'l Servs., Inc.,* 170 F.3d 323, 326 (2d Cir.1999). Like the district court, we assume that Pointdujour's assertions that she was suspended and ultimately discharged after complaining about

---

1. In her reply brief, Pointdujour asserts that she also appeals the district court's award of summary judgment in favor of hospital supervisor Laura Giles. *See* Appellant Reply Br. at 3. As a rule, we will not consider an argument raised for the first time in a reply brief, even by a pro se civil litigant. *See Graham v.* *Henderson,* 89 F.3d 75, 82 (2d Cir.1996). In any event, this part of Pointdujour's appeal is plainly meritless as a matter of law because Title VII liability applies to employers, not to supervisors in their individual capacities. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995).

same-sex harassment by a co-worker sufficed to meet her minimal burden of proof at the prima facie stage. *See generally Zimmermann v. Assocs. First Capital Corp.,* 251 F.3d 376, 381 (2d Cir.2001) ("We have characterized the evidence necessary to satisfy this initial burden as 'minimal' and 'de minimis.' "). Nevertheless, based on our independent review of the record, we conclude that judgment was properly entered in favor of Mount Sinai because it identified a legitimate, non-discriminatory reason for discharge, and Pointdujour failed to adduce admissible evidence from which a reasonable factfinder could conclude that this stated reason was pretextual and that the real reason for her discharge was unlawful retaliation.

■ Mount Sinai submits that it terminated Pointdujour not in retaliation for her harassment complaint but because she refused to participate in its Employee Assistance Program ("EAP"). Even when the facts are viewed liberally and in the light most favorable to the pro se plaintiff, *see Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994), it is clear that Pointdujour presented her harassment complaint in a sufficiently unprofessional and disruptive manner to raise concerns about the propri-

ety of her continuing to work in the hospital emergency room. Mount Sinai did not, however, propose to terminate her employment or even transfer her to another department. Rather, it requested that, before returning to the emergency room, she participate in the EAP or, at least, secure confirmation from the EAP that she was psychologically fit to resume her responsibilities. Only when Pointdujour failed to provide proper documentation from the EAP did Mount Sinai terminate her employment.

■ Pointdujour concedes that she did not participate in the EAP.[2] She points to no evidence that Mount Sinai's reliance on her failure to participate as a basis for her termination was really a pretext for retaliation. Title VII does not permit courts or juries to second-guess the non-discriminatory means an employer selects to achieve a legitimate business goal, in this case, counseling to avoid future employee disturbances that could affect the operation of its emergency room. *See Dister v. Cont'l Group, Inc.,* 859 F.2d 1108, 1116 (2d Cir. 1988). Thus, because Mount Sinai advances a legitimate, non-retaliatory reason for Pointdujour's discharge and because Pointdujour offers nothing more than her own conclusory allegations to challenge

---

**2.** In her deposition, Pointdujour testified that she was not informed that, if she participated in the EAP, she could return to work. *See* Pointdujour Dep. at 133. Yet, in this respect, her deposition contradicted her earlier unemployment insurance hearing testimony before a New York administrative law judge, in which she stated, under oath, that Giles had discussed the EAP with her and told her that, if she refused to participate in the program, she could not return to work. *See* Hr'g Tr. at 58–60. "[A] party opposing summary judgment does not create a triable issue by denying [its] previously sworn statements." *Heil v. Santoro,* 147 F.3d 103, 110 (2d Cir.1998); *see also Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.,* 925 F.2d 566, 572 (2d Cir.1991). Regardless, "the ultimate burden

of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)), and Pointdujour's deposition testimony alone does not render Mount Sinai's legitimate, non-discriminatory reason for terminating her false, much less establish that Mount Sinai's real motivation was retaliation. In fact, Pointdujour conceded that, even if she had known that she could return to work if she participated in the EAP, she nevertheless would have refused to do so. *See* Pointdujour Dep. at 155–56.

this reason or meet her ultimate burden of proving retaliation, we necessarily conclude that summary judgment was properly granted in favor of defendants. *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful"); *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991) (holding that "bald assertion[s], completely unsupported by evidence" cannot defeat summary judgment).

The January 23, 2004 judgment of the district court granting summary judgment in favor of defendants is hereby AFFIRMED.