**Cathy ALEXANDER, Plaintiff–Appellant,**

**v.**

**Phil DiDOMENICO, Suffolk Bus Company, Defendants–Appellees.\***

**No. 07–3953–cv.**

United States Court of Appeals, Second Circuit.

April 29, 2009.

\* We direct the Clerk of Court to amend the   caption as noted.

Cathy Alexander, pro se, Centereach, NY, for Appellant.

Paul L. Dashefsky, Esq., Smithtown, NY, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## *SUMMARY ORDER*

Appellant Cathy Alexander, *pro se,* appeals the district court's grant of the Defendants' motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure, dismissing her complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111–12117. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of "a motion for judgment as a matter of law *de novo,* applying the same standards as the district court to determine whether judgment as a matter of law was appropriate." *Coffey v. Dobbs Int'l Servs., Inc.,* 170 F.3d 323, 326 (2d Cir.1999) (internal quotation marks omitted). "Judgment as a matter of law is appropriate when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 43 (2d Cir.2002) (quoting Fed.R.Civ.P. 50(a)). Thus, in ruling on a Rule 50(a) motion, "the trial court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Id.* (quot-

ing *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir.2001)) (internal quotation marks omitted).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of her job; and (4) she suffered an adverse employment action because of her disability. *See Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir.2004). An employee is not disabled under the ADA unless the impairment substantially limits one or more of the major life activities. 42 U.S.C. § 12102(2)(A) & (C); *see Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998). "Major life activities" include, *inter alia,* caring for oneself, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i). Whether an impairment substantially limits a life activity is determined by considering: (1) the nature and severity of the impairment; (2) the duration of the impairment; and (3) the impairment's permanent or long-term impact. 29 C.F.R. § 1630.2(j)(2).

■ Here, the district court properly granted the Defendants' motion. Alexander failed to satisfy her burden of proof to show she was disabled within the meaning of the ADA; indeed, her statements at trial established that she suffered from no substantial limitation of a major life activity. However, even if Alexander had established that she suffered from a disability, the evidence failed to show that the Defendants' decision not to hire her was on account of her alleged disability. Rather, the record makes clear that the Defendants had more than one non-discriminatory grounds for its decision, and Alexander was unable to proffer any evidence suggesting those justifications were pretextu-al. Accordingly, Alexander's claim failed as a matter of law.

■ Alexander's other claims of error are similarly unavailing. "[A] district court's decision whether to appoint a lawyer is subject to review only for an abuse of discretion," and the district court acted well within its discretion in denying Alexander's motions to appoint counsel, given the lack of substance of her claims and her demonstrated capacity to present her arguments to the court. *Jenkins v. Chem. Bank,* 721 F.2d 876, 879 (2d Cir.1983). Moreover, to the extent Alexander argues that the district court erred by allowing her sister, a non-lawyer, to assist her at trial, that claim is without merit, since it was Alexander herself that requested her sister's assistance, and the record shows the district court repeatedly reminded Alexander that her sister could not represent her or introduce arguments, and her sister did not participate in the trial apart from reading questions Alexander had herself prepared. Finally, it cannot be said that the district court abused its discretion by refusing to allow Alexander to call her sister as a witness or to introduce certain evidence, since, even if this testimony and evidence had been presented at trial, Alexander's claim would still have failed as a matter of law. *See Brady v. Wal–Mart Stores, Inc.,* 531 F.3d 127, 136 (2d Cir. 2008) (evidentiary rulings reviewed for abuse of discretion).

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**