OPINION
COLE, Circuit Judge.
Plaintiff-Appellee Clifford Litton, an African-American custodian working for Defendant-Appellant Talawanda School District (“Talawanda”), sued Talawanda for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., among other claims. The jury returned a special verdict finding that Litton had not suffered an adverse employment action, but that race had been a motivating factor behind Ta-walanda’s actions, and awarded Litton damages. The district court entered judgment for Litton, reasoning that precedent prevented the court from revisiting the prima facie case after a full trial on the merits. Talawanda appeals, arguing that Litton’s failure to make out his prima facie case is dispositive, requiring the district court to grant judgment as a matter of law in its favor. We disagree and AFFIRM.
I. BACKGROUND
Sixteen years into Litton’s tenure as head custodian at Talawanda High School (“THS”), the Talawanda School District (“Talawanda”) restructured its custodial division. As part of this restructuring, it stripped Litton of his title as head custodian and transferred him to Talawanda Middle School (“TMS”), telling Litton, the only African-American employee in the facilities department, that he no longer “fit in” at the high school. Litton v. Talawanda School Dist., No. C-1-07-027, 2010 WL 1257576, at *5 (S.D.Ohio March 31, 2010). Seeking to return to THS, Litton applied for an open groundskeeper position at the high school. Despite being the most senior applicant, his request was denied. Next, Litton requested to transfer into an open custodial position at THS. Although he was again the most senior applicant, Litton’s request was denied.
Litton brought suit against Talawanda, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and Ohio law; age dis *806 crimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and Ohio law; and breach of Ohio public policy. Litton, 2010 WL 1257576, at *1. The district court granted summary judgment in favor of Talawanda on several claims. The parties thereupon proceeded to trial on (1) the age discrimination claim, for the denial of the groundskeeper position, and (2) the race discrimination claim, for the transfer to TMS and denial of Litton’s request to transfer back to his previous position at THS.
At the close of Littoris case-in-chief, Talawanda moved for judgment as a matter of law, arguing that Litton had not proved its prima facie case. The court did not rule on the motion, but took it “under advisement,” and the trial continued. At the end of the trial, the jury returned a special verdict, answering specific questions about whether Littoris age motivated the denial of the groundskeeper position, whether the transfer to TMS and denial of a return to THS constituted adverse employment actions, and whether race was a motivating factor in Talawanda’s decision to transfer Litton to TMS or to deny his request to transfer back to THS. The special verdict form instructed the jury to calculate damages if it found that age or race was a motivating factor in the relevant employment actions. The jury found that Litton’s transfer to TMS and inability to transfer back to THS did not constitute adverse employment actions, but that race was a motivating factor in both these decisions. The jury awarded Litton $50,000 in compensatory damages, but no back or front pay. It did not find age discrimination.
Upon receiving the verdict, each party moved for judgment in its favor. Talawan-da moved for judgment as a matter of law, arguing that the jury’s finding that Litton had failed to prove an element of his prima facie case required it to find no unlawful discrimination. Litton moved for an entry of judgment in his favor because the jury had found unlawful discrimination and awarded damages to him. Following briefing, the district court entered judgment for Litton. See Litton v. Talawanda Sch. Dist., No. C-1-07-027, 2010 WL 1257576 (S.D.Ohio, Mar. 31, 2010). Tala-wanda appeals.
II. ANALYSIS

A. Standard of review

The grant or denial of a motion for judgment as a matter of law is reviewed de novo. White v. Burlington N. & Santa Fe R. Co., 364 F.3d 789, 794 (6th Cir.2004) (en banc). The court reviews the entire record “in the light most favorable to the nonmoving party.” Id. The court should affirm the jury verdict unless there is “no legally sufficient evidentiary basis for a reasonable jury to find for [the prevailing] party.” Id. (quoting Fed.R.Civ.P. 50(a)).

B. Title VII and Prima Facie Matters

Title VII of the Civil Rights Act of 1964 prohibits employers from “failing] or refusing] to hire or to discharge any individual, or otherwise [ ] discriminating] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin[.]” 42 U.S.C. § 2000e-2 (2010). “The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.” Tisdale v. Federal Express Corp., 415 F.3d 516, 529 (6th Cir.2005) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). A plaintiff may succeed in his Title VII claim “by persuading the court that a discriminatory reason more likely motivated the employ *807 er....” Id. (quoting St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 517, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).
In disparate treatment cases lacking direct evidence of discrimination, we apply the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Risch v. Royal Oak Police Dep’t, 581 F.3d 383, 390 (6th Cir.2009). The first step of the framework requires the plaintiff to establish a prima facie case. For Title VII, the plaintiff must prove by a preponderance of the evidence that: “(1) he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a person outside the protected class was treated more favorably than him.” Braithwaite v. Timken Co., 258 F.3d 488, 493 (6th Cir.2001). Once the plaintiff has established his prima facie case, the burden shifts to the defendant to show “some legitimate non-discriminatory reason” for the disputed action. Id. (quoting Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1329 (6th Cir.1994)). Finally, the burden shifts back to the plaintiff to prove that the defendant’s explanation is “a pretext for discrimination.” Id. (citing Burdine, 450 U.S. at 255, 101 S.Ct. 1089).
The Supreme Court has clarified that the prima facie rubric does not create mandatory elements for Title VII claims, but rather provides a “sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.” Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). Indeed, it has cautioned courts against “applying legal rules which were devised to govern ‘the basic allocation of burdens and order of presentation of proof,’ in deciding this ultimate question.” Hicks, 509 U.S. at 524, 113 S.Ct. 2742 (quoting Aikens, 460 U.S. at 716, 103 S.Ct. 1478) (internal citations omitted). Pursuant to this schema:
when the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiffs proof by offering evidence of the reason for the plaintiffs rejection, the fact finder must then decide whether the rejection was discriminatory within the. meaning of Title VII.
Aikens, 460 U.S. at 714-15, 103 S.Ct. 1478 (footnote omitted). Stated differently, the prima facie inquiry “is a preliminary matter which cannot be revisited at a later time.” EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir.1997). Therefore, once “the case proceed[s] to trial ... we are no longer concerned with whether the plaintiff established a prima facie case, but instead focus on the actual question of discrimination.” Fuhr v. Sch. Dist. of City of Hazel Park, 364 F.3d 753, 757 (6th Cir.2004).
This principle is well settled in this circuit. See, e.g., Madden v. Chattanooga City Wide Serv. Dep’t, 549 F.3d 666, 674 (6th Cir.2008) (courts may not review the sufficiency of a prima facie case after a merits trial); Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 546 (6th Cir.2008) (same); Tisdale, 415 F.3d at 529 (same); Fuhr, 364 F.3d at 757; Moore v. Freeman, 355 F.3d 558, 562 (6th Cir.2004) (same); Kovacevich v. Kent State Univ., 224 F.3d 806, 822 (6th Cir.2000) (same); Suggs v. ServiceMaster Educ. Food Mgmt., 72 F.3d 1228, 1232 (6th Cir.1996) (same). See also Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 661 (6th Cir.2000) (district court may not dismiss plaintiffs action for failure to meet the first McDonnell Douglas prong based on the evidence defendant advances regarding the second McDonnell Douglas prong).
*808 Indeed, it is followed by every circuit in the country. See, e.g., Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C.Cir.2008); Bates v. United Parcel Serv., Inc., 511 F.3d 974, 988 (9th Cir.2007) (“[W]hether Bates established a prima fa-cie ease of employment discrimination in the summary judgment ‘burden-shifting’ sense is moot after trial. The relevant inquiry now is simply whether the evidence presented at trial supports a finding of liability.”); Riser v. Target Corp., 458 F.3d 817, 820-21 (8th Cir.2006) (“[W]e need not indulge the parties’ disputes about which material facts are in dispute or whether Riser met his burden in establishing a prima facie case under McDonnell Douglas regardless of the ‘threshold’ we have set for such proof.”); Whittington v. Nordam Grp., Inc., 429 F.3d 986, 993 (10th Cir.2005) (“We have repeatedly stated that juries are not to apply the McDonnell Douglas framework and that we are not concerned with plaintiffs proof of a prima facie case when we review a jury verdict.”); accord Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1151 (11th Cir.2005); Palasota v. Haggar Clothing Co., 342 F.3d 569, 574 (5th Cir.2003); Nawrot v. CPC Int’l, 277 F.3d 896, 906 (7th Cir.2002); Coffey v. Dobbs Int’l Services, Inc., 170 F.3d 323, 326 (2d Cir.1999); Hopp v. City of Pittsburgh, 194 F.3d 434, 439 (3d Cir.1999); Gibson v. Old Town Trolley Tours of Wash., D.C., Inc., 160 F.3d 177, 181 (4th Cir.1998); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 720 (1st Cir.1994).
Thus, precedent compels us to disregard the jury’s assessment of Litton’s prima facie case and instead focus on “the ultimate question of discrimination vel non.” See Aikens, 460 U.S. at 714, 103 S.Ct. 1478.
Talawanda would have us reject this precedent based on the technicality that the district court did not deny outright Talawanda’s motion for judgment as a matter of law, but rather allowed the case to proceed and “delegated” the issue to the jury to resolve at the close of evidence. In making this argument, it relies on Gafford v. General Electric Co., in which a district court likewise instructed the jury to rule on the sufficiency of the plaintiffs prima facie ease at the close of evidence, and this Court affirmed the district court’s judgment in favor of the defendant. 997 F.2d 150 (6th Cir.1993), abrogated on other grounds by Hertz Corp. v. Friend, — U.S. -, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Talawanda maintains that because the jury ruled in Talawanda’s favor on the adverse employment action question, it was precluded from finding for Litton on the question of discrimination.
Talawanda’s argument fails. Most importantly, Gafford differs from this case, because the Gafford jury also found for the defendant on the ultimate question. The Gafford court resolved only whether the district court committed reversible error by asking the jury to resolve questions regarding the plaintiffs prima facie case. The case at bar carries a contradiction that Gafford lacked: the jury found for Tala-wanda on one question and for Litton on the other. Gafford does not instruct us on how to resolve such a conflict.
Aikens does resolve this very question and does so in Litton’s favor. In Aikens, the parties underwent a full bench trial. At the close of evidence, the district court issued a verdict that “erroneously focused on the question of prima facie case rather than directly on the question of discrimination.” 460 U.S. at 717, 103 S.Ct. 1478. After expressing “surpris[ej” that the parties continued to dispute a threshold question after the trial had ended, id. at 714, 103 S.Ct. 1478, the Supreme Court remanded the case to the district court to “decide on the basis of the evidence before it whether the Postal Service discriminated against Aikens.” Id. at 717, 103 S.Ct. *809 1478. We adopted the Aikens principle in full in Avery Dennison. In Avery Denni-son, the district court likewise ruled, after a full trial on the merits, that the plaintiff should lose because he had failed to establish an element of his prima facie case. 104 F.3d at 860. We relied on Aikens to reverse the district court’s ruling and remand it “for a determination on the ultimate issue of discrimination.” Id. at 863.
When Talawanda lost its summary judgment motion before trial and did not prevail in its motion for judgment as a matter of law at the close of Litton’s ease-in-chief, it “fail[ed] to persuade the district court to dismiss the action for lack of a prima facie case.” See Aikens, 460 U.S. at 714, 103 S.Ct. 1478. That the district court did not deny the latter motion outright does not strengthen Talawanda’s claim. Aikens does not condition its rule on the district court’s express denial of a motion for judgment as a matter of law, but rather on (1) its failure to grant such a motion and (2) the defendant proceeding to “respond[ ] to the plaintiffs proof by offering evidence of the reason for the plaintiffs rejection.” Id. at 714-15, 103 S.Ct. 1478. Cf. Tisdale, 415 F.3d at 529 (declining to visit sufficiency of prima facie ease where defendant did not move for judgment as a matter of law during trial); Avery Dennison, 104 F.3d 858, 860-61 (district court’s denial of plaintiffs summary judgment motion prior to trial constituted acknowledgment that plaintiff had met his prima facie burden). Thus, the jury’s assessment of Litton’s prima facie case did not control its finding on the ultimate question of discrimination.
In any event, we have already addressed the potential conflicts between Gafford, Ai-kens, and Avery Dennison, interpreting Gafford to preclude the argument that Ta-lawanda raises. In Kovacevich, we explained that:
While, as Gafford states, the elements of the prima facie case can indeed go before a jury, Ailcens and Avery Dennison simply state that in reviewing a trial that proceeds beyond the prima facie stage, neither the district court nor appellate court should refocus on the question of whether a plaintiff established her prima facie ease.... [I]n reviewing the facts of a discrimination claim after there has been a full trial on the merits, a district court or an appellate court must focus on the ultimate question of discrimination rather than on whether a plaintiff made out her prima facie case.
224 F.3d 806, 824-25 (6th Cir.2000). Thus, the district court was not only permitted to disregard the jury’s answer to the adverse employment action question, it was required to do so, and instead to evaluate the strength of the evidence as a whole.
Talawanda confined its argument on appeal to whether the district court erred by failing to defer to the jury’s determination of the adverse employment action question. It did not otherwise challenge the sufficiency of the evidence supporting the jury’s finding on the ultimate question of discrimination. Having rejected Talawan-da’s argument, we see no need to address the sufficiency of the evidence supporting the jury’s verdict.
III. CONCLUSION
We AFFIRM.