ALICE M. BATCHELDER, Chief Judge,
dissenting.
This case turns on a simple question: Does a Title VII plaintiff have to prove that he was discriminated against, or merely that he faced any discrimination, including discrimination that was not harmful to him? This simple question has a clear answer, one that is dictated by Title VETs text, case law, and logic. Unfortunately, that is not the answer that the majority adopts. Thus, I respectfully dissent from the majority’s extraordinary *810 holding that not only is Litton relieved of his burden to prove that he suffered adverse discrimination, he is entitled to have the district court set aside a jury verdict finding that he failed to meet that burden.
I.
Talawanda transferred Litton from his job as a custodian at the Talawanda High School to a custodian position at the Tala-wanda Middle School that had the same pay, work hours, and responsibilities. But because Litton felt that working at the Middle School was less prestigious and took him from relationships that he had enjoyed at the High School, he deemed the transfer a demotion and sought to be transferred back. After Talawanda refused, Litton brought this Title VII action.
Litton’s claim survived a motion for summary judgment and came to trial. There, the jury was charged with determining whether Litton had proved by a preponderance of the evidence that either the initial transfer to the Middle School or the later refusal to return Litton to the High School was a material adverse employment action. The jury found that Litton failed on both counts, a finding it confirmed on Litton’s request for polling. Based on this finding, Talawanda moved for judgment in its favor. The district court ultimately rejected the motion, holding that whether Litton had suffered a material adverse employment action was relevant only to Litton’s prima facie case and that the sole issue at trial was “whether defendant discriminated against plaintiff because of his race.” The majority adopts that conclusion, holding that the “ultimate issue of discrimination” in a Title VII case does not include proof that the discrimination was adverse but instead merely turns on whether discrimination occurred at all.
II.
As an initial matter, the majority is wrong that precedent such as EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir.1997), “compels us to disregard the jury’s assessment” that Litton had failed to prove that he suffered adverse discrimination simply because that assessment concerned “Litton’s prima facie case.” Maj. Op. at 808. Although the jury’s finding was relevant to the prima facie case, it was also — as shown below — integral to the ultimate issue before the jury. This Circuit has repeatedly recognized that courts may “consider! ] evidence that ... bears on th[e] prima facie case as long as it does so in order to address the ultimate question of discrimination.” Kovacevich v. Kent State Univ., 224 F.3d 806, 825 (6th Cir.2000); accord Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 546 (6th Cir.2008). Thus, it is incorrect to “disregard” a finding that bears on the ultimate issue simply because it is also relevant to the prima facie case.
The core problem with the majority’s holding is that it treats the question of whether Litton suffered adverse discrimination as distinct from “the ultimate question of discrimination vel non.” The two are one. Title VII states, “It shall be unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin!.]” 42 U.S.C. § 2000e-2 (emphasis added). In other words, Title VII does not ban mere discrimination, but only adverse discrimination. Thus, the Supreme Court has explained that the “ultimate question” in Title VII cases is not just whether discrimination occurred at all, but “whether the plaintiff has proven that the defendant intentionally discriminated against *811 [him.]” St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis added; internal citation and quotation marks omitted); see also id. at 523-24, 113 S.Ct. 2742 (“Title VII [only] award[s] damages ... against employers who are proven to have taken adverse employment action by reason of (in the context of the present case) race.” (emphasis added)). It is, to me, beyond obvious that Title VII applies only where there has been discrimination against an individual. That requirement is not merely some vestigial prima facie element that fades into the background as the case progresses — it is at the heart of the claim itself.
This Court directly held as much in Fuhr v. School District of City of Hazel Park, 364 F.3d 753, 757 (6th Cir.2004). There, as here, we confronted the question of whether proof that the plaintiff suffered adverse employment action is part of the “ultimate question of discrimination.” Id. We concluded that it was, holding that “th[e ultimate] question includes a determination of whether there was evidence from which the jury could have concluded that the action of which Fuhr complains was adverse to her.” Id. at 757-58 (emphasis added); see id. at 757 (“The ultimate question of discrimination in this case is whether [the school] ‘failed or refused to hire or otherwise discriminated against Fuhr with respect to her compensation, terms, conditions, or privileges of employment, because of Fuhr’s sex.’” (quoting Title VII) (internal editing omitted)). Because Fuhr had proved that she “suffer[ed] an adverse employment action,” we found that she had answered the “actual question of discrimination” in her favor. Id. at 757-58. Fuhr's analysis is directly applicable to this case, and its holding essentially forecloses the majority’s.
None of the cases that the majority cites to support its conclusion are to the contrary. Not one states that the “ultimate question of discrimination” disregards whether the discrimination was, in fact, adverse. At best, they are silent on the issue.[1] More often, they directly contradict the majority’s holding by explicitly requiring that discrimination be adverse in their formulation of the ultimate question.[2] For instance, far from sanctioning the ma *812 jority’s course, the Supreme Court’s decision in U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), makes clear that answering the “ultimate question” necessarily includes proof of adverse discrimination: “The factual inquiry in a Title VII case is whether the defendant intentionally discriminated against the plaintiff. In other words, is the employer ... treating some people less favorably than others because of their race, color, religion, sex, or national origin.” (emphasis added; citations and internal quotation marks omitted).
The majority’s holding also contradicts Title VU’s internal logic. Litton asserts, and the majority agrees, that because whether there was any negative action is not actually a part of a claim of “discrimination,” to be successful he need only show that his employer made a decision based on his race. See Litton Br. at 16-17; Maj. Op. at 808. But under this reasoning, an employee could sue for a neutral or even positive employment action. That is nonsensical. No employee could be told, “We are promoting you because of your race,” respond with “Thank you very much,” and then promptly sue because the employer based its decision on his race. Although co-employees of another race who were not promoted might well have a case, see, e.g., Ricci v. DeStefano, 557 U.S. 557, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009), the beneficiary of the discrimination would not.
In sum, “the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.” Noble v. Brinker Int’l, Inc., 391 F.3d 715 (6th Cir.2004) (quoting Hicks, 509 U.S. at 518, 113 S.Ct. 2742) (emphasis added). Though Litton produced enough evidence regarding adverse treatment to get his prima facie case past summary judgment — which required only that he show that the evidence was not “so one-sided that [Talawanda] must prevail as a matter of law,” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) — he failed to meet his burden to prove the “ultimate question,” namely, that he was discriminated against. It might be that a transfer from a prestigious job to a less prestigious one can constitute a material adverse employment action. But Litton failed to prove as much here and the jury found that he had failed. The majority should not relieve Litton of his burden, and it certainly should not grant him victory in the face of a jury verdict finding that he never proved that he suffered adverse discrimination at all. The whole purpose of Title VII, as stated clearly by its text and controlling case law, is preventing harmful discrimination, not the lamentable-but-benign discrimination that the jury found Litton experienced.
I respectfully dissent.

. See, e.g., Moore v. Freeman, 355 F.3d 558, 562 (6th Cir.2004); Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 661 (6th Cir.2000); Riser v. Target Corp., 458 F.3d 817, 820-21 (8th Cir.2006).

. See, e.g., Fuhr, 364 F.3d at 757; Suggs v. ServiceMaster Educ. Food Mgmt., 72 F.3d 1228, 1232 (6th Cir.1996) (recognizing that the "ultimate question” is "whether the plaintiff carried her burden of proof of discriminatory discharge." (emphasis added)); Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C.Cir.2008) (holding that the "one central question” at a Title VII trial is whether "the employee produced sufficient evidence for a reasonable jury to find that ... the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin[.]" (emphasis added)); Bates v. United Parcel Serv., Inc., 511 F.3d 974, 988 (9th Cir.2007) (finding that, in a disability discrimination case, “an employee bears the ultimate burden of proving that he [wa]s ... discriminated against ‘because of' [his] disability^]” (emphasis added)); Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1150-51 (11th Cir.2005) (recognizing that Aiken's "ultimate question of discrimination vel non " formulation required asking "whether the defendant intentionally discriminated against the plaintiff.” (emphasis added)); Palasota v. Haggar Clothing Co., 342 F.3d 569, 574 (5th Cir.2003) (holding in an age discrimination case that, even though a plaintiff need not revisit his prima facie case after a trial on the merits, he still must show that he "has met his ultimate burden of proving that the employer terminated him because of age.” (emphasis added)); Coffey v. Dobbs In'l Servs., Inc., 170 F.3d 323, 326 (2nd Cir.1999) (finding that "the ultimate question of discrimination vel non " requires the plaintiff to introduce "sufficient evidence to support a finding that [the defendant] intentionally discriminated against her[J” (emphasis added; inter *812 nal citation, quotation marks, and edits omitted)).